GRICE v GENERAL MOTORS CORPORATION

Docket No. 62459. Decided December 27, 1979. On application by the
plaintiff for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, vacated the order of the Worker's
Compensation Appeal Board dismissing the plaintiff's claim
against the Second Injury Fund and remanded the case to the
Worker's Compensation Appeal Board.

An administrative law judge awarded workers' compensation
benefits for total and permanent disability to Gary Grice
against his employer, General Motors Corporation, because of
the loss of industrial use of both legs. General Motors and the
Second Injury Fund appealed to the Worker's Compensation
Appeal Board. While the appeal was pending, the plaintiff and
General Motors entered into a redemption agreement. The
Worker's Compensation Appeal Board then dismissed the plain-
tiff's claim for differential benefits against the Second Injury
Fund on the ground that the plaintiff and his employer had
negotiated a settlement. The Court of Appeals, T. M. Burns,
P.J., and Allen and D. F. Walsh, JJ., denied leave to appeal
(Docket No. 78-3247). The plaintiff applies for leave to appeal.
*Held:*

Because the Second Injury Fund's potential liability is deriva-
tive of the employer's liability, the fund is not subject to a
separate hearing to determine whether it is liable for differen-
tial payments when the employee and the employer redeem the
employer's potential liability by a negotiated settlement with-
out an admission or adjudication of liability of the employer.
However, the fact that an appeal followed the referee's decision
in this case does not diminish the effect of the referee's finding
of liability. The referee's decision in a workers' compensation
case is an adjudication of liability which is sufficient to remove
the considerations which led to the rule when there has not
been an adjudication of the employer's liability. There is no
difference between this case (where the employer has aban-
doned its appeal) and a case where only the Second Injury
Fund appeals the referee's decision.

The order of the Worker's Compensation Appeal Board dis-
missing the plaintiff's claim against the Second Injury Fund is

vacated, and the case is remanded to the Worker's Compensation Appeal Board.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *John L. Zorza, II,* and *Granner S. Ries),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph M. Binno,* Assistant Attorney General, for defendant Second Injury Fund.

PER CURIAM. In this application for leave to appeal, plaintiff Gary Grice presents an issue left unanswered by *White v Weinberger Builders, Inc,* 397 Mich 23; 242 NW2d 427 (1976). In *White,* the Court held that a claimant would be precluded from proceeding against the Second Injury Fund for differential benefits if the employer and employee had redeemed all alleged employer liability *prior* to an admission or adjudication of liability. The issue raised in this case is whether claimant is precluded from proceeding against the Second Injury Fund for differential benefits when the employer and claimant have redeemed all employer liability *after* a finding by the referee that claimant was totally and permanently disabled as a result of an occupational injury, but while an appeal of this finding was pending before the Worker's Compensation Appeal Board (WCAB).

Subsequent to the conclusion of the redemption agreement, the WCAB granted the Fund's motion to dismiss plaintiff's claim for differential benefits. The Court of Appeals denied plaintiff's application for leave to appeal on December 6, 1978. Pursuant to GCR 1963, 853.2(4), 865.1(7), for reasons set forth below, in lieu of granting leave to appeal, we

vacate the WCAB's order dismissing plaintiff's claim for differential benefits and remand to the WCAB. We hold solely that, because the redemption occurred after an adjudication of General Motors' liability, plaintiff is not precluded from continuing to seek differential benefits. We express no opinion regarding the merits of the Fund's appeal.

I

Only a brief statement of facts is necessary to the resolution of this issue. Plaintiff filed a claim for workers' compensation benefits alleging total and permanent disability arising from work-related injuries. Following a hearing, the referee determined that:

"Plaintiff is totally and permanently disabled by reason of loss of industrial use of both legs, in that use of the legs causes pain and cramping of the legs, and produces pain in the back and hips."

Benefits were awarded after a finding of occupational nexus.

The employer and the Fund appealed to the WCAB attacking the finding of a causal relationship between the work-related injury and the alleged total and permanent disability, as well as the conclusion that the disability was sufficiently catastrophic to be characterized as total and permanent. While the appeals were pending, the employer and plaintiff entered into a redemption agreement (negotiated settlement). Subsequently, the Fund filed a motion to dismiss plaintiff's claim against it. The WCAB granted the motion and the Court of Appeals denied leave to appeal.

## II

The central thrust of the *White* decision was that, because the Fund's potential liability is derivative of the employer's liability, the Fund should not be subjected to a separate hearing on its liability once the employer and employee have redeemed the employer's potential liability. Plaintiff contends that *White* is distinguishable because General Motors was found liable by the referee before the redemption occurred. The Fund argues that because this determination was not final (because of the appeals) at the time the redemption occurred, the *White* rationale applies to foreclose its liability. Resolution of this dispute depends on whether the referee's decision was a sufficient adjudication of liability.

The fact that an appeal followed does not diminish the impact of the referee's finding of liability. In the workers' compensation setting, the referee's decision is an adjudication of liability. This is sufficient to remove the considerations which motivated the *White* majority. We see no difference between these facts (where the employer has abandoned its appeal) and a case where only the Fund appeals the referee's decision.

We intimate no opinion as to whether the Fund is liable to plaintiff. Such a decision is for the WCAB, provided the Fund continues to pursue its appeal. Our decision today only affects the dismissal of plaintiff's claim.

The WCAB's order dismissing plaintiff's claim against the Second Injury Fund is vacated and the case is remanded to the WCAB for proceedings consistent with this opinion.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.