HARRIS v HARLAN ELECTRICAL CONSTRUCTION COMPANY

Docket No. 44845. Submitted March 10, 1980, at Detroit.—Decided
October 24, 1980. Leave to appeal applied for.

James R. Harris was awarded workers' compensation benefits for
the permanent and total loss of the industrial use of his left
hand. Claimant, his employer and an insurance carrier stipu-
lated to the award. He subsequently filed a petition for a
hearing against the Second Injury Fund claiming total and
permanent disability for the loss of the industrial use of his left
hand and the prior loss of his left eye. The Fund moved for an
order requiring claimant to undergo medical examinations,
which motion was granted by an administrative law judge.
Claimant appealed this order to the Workmen's Compensation
Appeal Board which reversed the order and ordered the Fund
to pay basic and supplemental benefits to claimant as a totally
and permanently disabled person. The Fund was denied leave
to appeal by the Court of Appeals. The Fund sought leave to
appeal to the Supreme Court and the Supreme Court in lieu of
granting leave to appeal remanded the case to the Court of
Appeals for plenary consideration as on leave granted. 406
Mich 895 (1979). The Fund alleges that it is not bound to pay
workers' compensation benefits. *Held:*

The Fund, although not directly a party to the original
proceeding, shares an identity with claimant's employer and is
bound by stipulations between the parties entered into after a
determination of liability was made. The administrative law
judge who conducted the hearing on claimant's original petition
found that claimant had suffered a total and permanent loss of
the industrial use of his left hand. This determination was

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 580-587, 609.
Matters concluded, in action at law to recover for the same injury,
by decision of finding made in workmen's compensation proceed-
ing. 84 ALR2d 1036.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 584-587.
[3, 4] 82 Am Jur 2d, Workmen's Compensation §§ 344-346.
[5] 82 Am Jur 2d, Workmen's Compensation §§ 340-346.
[6] 82 Am Jur 2d, Workmen's Compensation § 479.

necessary to properly resolve the matter of the petition and is binding on the Fund. The judge also found that claimant had a prior total and permanent loss of vision in his left eye. Claimant's application was for advance payments on compensation due for the industrial loss of his hand, and he did not assert that he was totally and permanently disabled due to this prior injury. This finding was irrelevant and not binding on the Fund. Thus, because there has been no determination of a prior permanent disability properly binding on the Fund, the order of the Workmen's Compensation Appeal Board was improper.

Reversed and remanded.

V. J. Brennan, J., concurred. He would additionally hold that the Second Injury Fund does not become liable for payment of workers' compensation benefits based on a stipulation of the parties to a claim without notice or the opportunity to challenge the merits of the claim.

#### Opinion of the Court

1. Workers' Compensation — Res Judicata — Claims.

   The doctrine of res judicata bars second claims for workers' compensation where the same question was actually litigated in a prior proceeding as well as claims arising out of the same transaction which a claimant could have brought in the first proceeding but did not.

2. Workers' Compensation — Res Judicata — Collateral Issues.

   A prior determination of a claim for workers' compensation benefits is binding in subsequent proceedings between parties only where resolution of a specific issue was necessary to the determination of the original action and not merely collateral.

3. Workers' Compensation — Second Injury Fund — Derivative Rights — Redemption Agreements.

   Rights of the Second Injury Fund are derivative of an employer, and, where an employee and his employer enter into a redemption agreement prior to any adjudication of responsibility on a claim for workers' compensation, all liability is redeemed and the employee cannot proceed further against the Fund.

4. Workers' Compensation — Second Injury Fund — Agreements Between Parties.

   The Second Injury Fund, through its jural identity with an employer, is bound by a redemption agreement between parties to a claim for workers' compensation benefits entered into after a determination of liability has been made or a stipulation to

the results of a hearing adjudicating responsibility has been filed.

5. WORKERS' COMPENSATION — PREVIOUS DISABILITY — TOTAL INCA-
      PACITY — SECOND INJURY FUND — STATUTES.

An employee who suffers from a permanent disability in the form of the loss of an eye who subsequently suffers an injury arising out of and in the course of his employment which results in the permanent loss of a hand is conclusively presumed to be totally and permanently disabled and is entitled to be paid workers' compensation benefits by the Second Injury Fund (MCL 418.351; 17.237[351]).

CONCURRENCE BY V. J. BRENNAN, J.

6. WORKERS' COMPENSATION — SECOND INJURY FUND — STIPULATION
      OF PARTIES — LIABILITY FOR BENEFIT PAYMENTS.

*The Second Injury Fund should not be liable for providing workers' compensation benefits because of a stipulation between an employer and an employee without notice or an opportunity to challenge the merits of a claimant's claim.*

*Kelman, Loria, Downing, Schneider & Simpson* (by *John W. Simpson* and *Robert W. Howes),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eileen D. Zielesch,* Assistant Attorney General, for defendant Second Injury Fund.

Before: BRONSON, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. Defendant Second Injury Fund (Fund) appeals as on leave granted the decision of the Workmen's Compensation Appeal Board (WCAB) which reversed the decision of an administrative law judge ordering plaintiff to submit to medical examinations requested by the Fund. The WCAB additionally ordered the Fund to pay supplemental and basic benefits due plaintiff as a

totally and permanently disabled employee under MCL 418.521; MSA 17.237(521).

On February 4, 1974, plaintiff fell approximately eight feet and severely injured his left hand. On April 15, 1976, plaintiff petitioned for a lump sum advance payment[1] of the compensation being paid as a result of the hand injury for the stated purpose of paying off the balances on various charge accounts on which plaintiff was paying 18% annual interest. Pursuant to a hearing held January 4, 1977, the administrative law judge found that plaintiff had received a personal injury arising out of and in the course of his employment and that on the date of the injury he had one dependent and earned $243.62 per week at unskilled labor. During the hearing, plaintiff testified that he had had no vision in his left eye since he was three years old, and, based on this testimony, the administrative law judge found that plaintiff had total and permanent loss of vision in the left eye. The defendant employer and its carrier were ordered to pay compensation at the rate of $106 per week for a period of 215 weeks[2] for the "permanent and total loss of industrial use of left hand". The plaintiff, the employer, and the insurance carrier stipulated to this award. The Fund was not directly involved in any of these proceedings. As requested by plaintiff, the administrative law judge ordered a lump-sum partial advance payment, thereby reducing plaintiff's weekly benefits to $52 during the period of time between June 27, 1977, and February 8, 1978.

On June 17, 1977, plaintiff filed a petition for hearing against the Fund claiming total and permanent disability benefits pursuant to MCL

[1] MCL 418.835; MSA 17.237(835).
[2] See MCL 418.361(1)(h); MSA 17.237(361)(1)(h).

418.521(1); MSA 17.237(521)(1) for the loss of the left hand and the prior loss of the left eye.[3] The Fund requested that plaintiff undergo medical examinations regarding both the hand and the eye, but plaintiff refused to do so on advice of counsel. The Fund then brought a motion for an order requiring plaintiff to submit to the medical examinations. After a hearing held January 30, 1978, an administrative law judge granted the request. Plaintiff appealed this order to the WCAB which, on July 25, 1978, reversed the order of the administrative law judge and ordered the Fund to pay plaintiff basic and supplemental benefits as a totally and permanently disabled person based on the decision of the Supreme Court in *White v Weinberger Builders, Inc,* 397 Mich 23; 242 NW2d 427 (1976).

The Fund then sought leave to appeal to this Court, which was denied. The Fund sought leave to appeal to the Supreme Court and the Supreme Court in lieu of granting leave to appeal remanded the case to this Court for plenary consideration as on leave granted. *Harris v Harlan Electrical Construction Co,* 406 Mich 895 (1979).

---

[3] The statute provides in part:

"If an employee has a permanent disability in the form of the loss of a hand, arm, foot, leg or eye and subsequently has an injury arising out of and in the course of his employment which results in another permanent disability in the form of the loss of a hand, arm, foot, leg or eye, at the conclusion of payments made for the second permanent disability he shall be conclusively presumed to be totally and permanently disabled and paid compensation for total and permanent disability after subtracting the number of weeks of compensation received by the employee for both such losses. The payment of compensation under this section shall be made by the second injury fund, and shall begin at the conclusion of the payments for the second permanent disability."

The purpose of this provision was to encourage the hiring of handicapped employees and to insure that such employees would be compensated for the full extent of their disability. *Whitt v Ford Motor Co,* 383 Mich 726, 730-731; 178 NW2d 917 (1970), 2 Larson, Workmen's Compensation Law, § 59.31, p 10-285. See *Weaver v Maxwell Motor Co,* 186 Mich 588; 152 NW 993 (1915).

The issue on appeal is whether the administrative law judge's findings that plaintiff suffered a total and permanent loss of the industrial use of his left hand and a prior total and permanent loss of vision in his left eye are res judicata and binding on the Fund so that plaintiff is entitled to be compensated by the Fund pursuant to MCL 418.521(1); MSA 17.237(521)(1).

The Supreme Court has recently resolved a conflict in prior cases as to the proper scope of res judicata in worker's compensation cases. In *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980), the Court held that the "broad" application of the principle was correct and that a claimant is barred from litigating those claims actually litigated in a prior proceeding between the parties as well as those claims which a claimant could have brought but did not. In addition, regardless of the scope of the doctrine, a prior determination is binding in subsequent proceedings between the parties only where resolution of the specific issue was necessary to the first action and not merely collateral. *Hlady v Wolverine Bolt Co,* 393 Mich 368, 375-377; 224 NW2d 856 (1975), *Herbert v Ford Motor Co,* 285 Mich 607, 613; 281 NW 374 (1938). See *Gose, supra,* 159 fn 1. Accordingly, we are faced with two questions: whether there is a sufficient identity of parties and whether the issues now sought to be raised by the Fund were necessarily determined in the first action.

The initial question may be answered by reference to the Supreme Court's decision in *White, supra,* where the Court held that the Fund's rights were derivative of the employer so that, where the employee and the employer enter into a redemption agreement prior to any adjudication of responsibility, all liability has been redeemed and the

employee cannot proceed further against the Fund. The timing of the settlement is crucial; if the parties enter into a redemption agreement after a determination of liability or stipulate to the results of a hearing adjudicating responsibility on the part of the employer, the Fund is bound by that decision through its jural identity with the employer. *Grice v General Motors Corp,* 407 Mich 465; 286 NW2d 238 (1979), *Pleiness v Mueller Brass Co,* 56 Mich App 169; 223 NW2d 634 (1974). Accordingly, although the Fund was not directly a party to the first proceeding, for the purposes of applying the doctrine of res judicata, it shares an identity with the employer.

The next question is whether the facts necessary for plaintiff to prevail in his action against the Fund were determined in the prior action. In the instant case, plaintiff needs to show the compensable loss of the left hand preceded by the loss of vision in the left eye. The issue of whether plaintiff had suffered the permanent and total loss of the industrial use of his left hand was clearly determined in his action against the employer requesting a lump sum advance payment. Furthermore, it was necessary to make such a determination in order to properly resolve the matter. This determination is binding on the Fund, and the WCAB was correct in reversing the administrative law judge's order that plaintiff submit to a physical examination of his hand. As regards the prior loss of vision in plaintiff's left eye, testimony was presented by plaintiff that he had been without vision in the eye since he was three years old, and the administrative law judge "found" that plaintiff, indeed, had a total and permanent loss of vision in the eye. The question is whether this "finding" was necessary to a proper determination

of the questions presented at that time. If not, the finding is not binding on the Fund.

After reviewing the pertinent sections of the Worker's Disability Compensation Act, we do not believe it was necessary for the administrative law judge to determine whether plaintiff had previously suffered a loss of vision in his left eye. Plaintiff's application was for an advance payment on the 215 weeks of compensation due for the loss of the hand. He did not assert at the hearing that he was totally and permanently disabled due to a prior injury. The administrative law judge awarded 215 weeks of compensation for the loss of the hand, and the parties stipulated to the award. The advance payment requested by plaintiff was then ordered. Whether the plaintiff was suffering from a prior disability was totally irrelevant to these determinations, and the Fund is, thus, not bound by the finding concerning the loss of the eye.[4]

Under MCL 418.521; MSA 17.237(521), an employee who suffers from a permanent disability in the form of the loss of an eye who then suffers an injury arising out of and in the course of employment that results in the permanent loss of a hand is conclusively presumed to be totally and permanently disabled and is entitled to benefits from the Fund. In the instant case, only the finding concerning the loss of the hand is binding on the Fund, and, as there has yet been no determination

---

[4] The facts in *Pleiness, supra,* are very similar to those in the instant case in that the plaintiff there also suffered from the loss of the industrial use of a hand coupled with the prior loss of vision in an eye. In *Pleiness,* however, the Fund was not contesting the loss of the eye, but rather was attempting to circumvent the binding effect of the decision regarding the hand. Since in *Pleiness* the determination concerning the hand was made in a proceeding where the condition of the hand was properly in issue, and since the Fund was not contesting the loss of the eye, all the requirements of res judicata were met.

of a prior permanent disability properly binding on the Fund, the Fund has not yet incurred the responsibility of paying total and permanent disability benefits under the statute. The order of the WCAB is reversed, and this matter is remanded to the WCAB for further proceedings on plaintiff's claim for total and permanent disability benefits. The question of whether plaintiff may be ordered to submit to a medical examination concerning his eye has not yet been addressed by the WCAB, and plaintiff's objections to this procedure should be raised there on remand.

Reversed and remanded.

V. J. Brennan, J. *(concurring).* While I concur with the results reached here, I do not agree that *White v Weinberger Builders, Inc,* 397 Mich 23; 242 NW2d 427 (1976), and *Grice v General Motors Corp,* 407 Mich 465; 286 NW2d 238 (1979), are dispositive. As the majority has stated, *White* relieves the Second Injury Fund (SIF) of liability where the employer and employee have executed a redemption agreement. However, *White* does not conversely require that the Second Injury Fund can be stipulated into liability without notice or the opportunity to challenge the merits of claimant's claim. I find it neither inherently unfair nor unreasonable that the SIF stand in the shoes of the employer in effecting a redemption agreement relieving it of liability while conversely having the right to notice and to challenge a claimant's claim when the Fund's liability is determined by stipulation. I do not believe that the Court's holding in *White* is mutually exclusive of the position I advocate here.