LEUPP v ALL DAY ALL NIGHT LAUNDROMAT

Docket No. 58230. Submitted May 10, 1982, at Lansing.—Decided June 22, 1982. Leave to appeal applied for.

Vyrl J. Leupp filed a petition for workers' disability compensation benefits for injuries incurred during the course of her employment with All Day All Night Laundromat. The petition sought general disability benefits from her employer and differential benefits from the Second Injury Fund for her alleged permanent and total disability due to the loss of industrial use of both legs. The administrative law judge found the employer liable for general benefits but denied the petition for differential benefits from the Second Injury Fund. The employer appealed to the Workers' Compensation Appeal Board that portion of the administrative law judge's decision granting general disability benefits, while the petitioner appealed that portion of the administrative law judge's decision denying differential benefits. During the pendency of those appeals, petitioner and her employer entered into a redemption agreement under which petitioner redeemed any and all of the employer's liability to the petitioner. That agreement was thereafter approved by the administrative law judge. The Second Injury Fund moved to dismiss the petitioner's appeal on the basis that by the redemption the petitioner forfeited her right to differential benefits. The appeal board granted the motion to dismiss. Petitioner appeals. *Held:*

The Second Injury Fund is liable for differential payments following a negotiated redemption of all potential employer liability only where the employer's liability has been admitted or there has been a sufficient adjudication of the employer's liability. The finding by the administrative law judge of general liability by the employer does not constitute a sufficient adjudication of the employer's liability for permanent and total disability benefits. The redemption, accordingly, acts to release the Second Injury Fund from payment of any potential differential benefits.

Affirmed.

---

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 82 Am Jur 2d, Workmen's Compensation § 344.

1. WORKERS' COMPENSATION — SECOND INJURY FUND — DIFFERENTIAL
   BENEFITS — REDEMPTION — EMPLOYER LIABILITY.

   The Second Injury Fund is not liable for differential payments
   when the claimant and employer redeem all alleged potential
   employer liability by entering into a negotiated settlement
   where employer liability has been neither admitted nor adjudi-
   cated.

2. WORKERS' COMPENSATION — SECOND INJURY FUND — DIFFERENTIAL
   BENEFITS — EMPLOYER LIABILITY.

   The liability of the Second Injury Fund for differential benefits
   following a redemption between the claimant and the em-
   ployer, where there is no admission of employer liability, turns
   on whether there was a sufficient adjudication of liability by
   the administrative law judge.

3. WORKERS' COMPENSATION — SECOND INJURY FUND — DIFFERENTIAL
   BENEFITS — EMPLOYER LIABILITY.

   The Second Injury Fund is not liable for differential payments
   following a redemption between a claimant and the employer
   where the administrative law judge finds employer liability for
   general benefits but does not find employer liability for perma-
   nent and total disability benefits.

*Cockrel, Cooper & King* (by *Anthony J. Vi-
gliotti),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Richard F. Zapala,*
Assistant Attorney General, for defendant Second
Injury Fund.

Before: ALLEN, P.J., and CYNAR and C. J. FALA-
HEE,* JJ.

ALLEN, P.J. Plaintiff appeals an order of the
Workers' Compensation Appeal Board (WCAB)
dated and entered May 15, 1981, dismissing plain-
tiff's claim against the Second Injury Fund (fund).
Previously, plaintiff's claim against her employer,
All Day All Night Laundromat (laundromat), had
been redeemed under a redemption agreement

* Circuit judge, sitting on the Court of Appeals by assignment.

duly approved by the administrative law judge. The issue raised on appeal is of apparent first impression.

On April 21, 1978, plaintiff filed a petition for a hearing claiming that on September 15, 1974, while working for defendant Laundromat, she suffered injuries to her back and central nervous system and lost the industrial use of both legs. The petition sought general disability benefits from the employer and benefits from the fund for permanent and total disability due to the loss of industrial use of both legs.

Following a hearing held January 19, 1979, the administrative law judge found the employer liable for general benefits but denied benefits from the fund. In February 1979, the laundromat appealed the decision against it to the WCAB and plaintiff appealed to the WCAB that part of the decision denying benefits from the fund. While the case was pending before the WCAB, plaintiff and her employer, through the employer's insurance company, entered into a redemption agreement under which plaintiff redeemed any and all of the employer's liability to plaintiff for $25,000. On December 19, 1980, the administrative law judge approved the redemption agreement.

On March 9, 1981, the fund moved for dismissal of plaintiff's appeal, claiming that, by redeeming her claim against her employer, plaintiff forfeited her right to differential benefits against the fund. The WCAB, relying on its decision in *Giamanco v Midway Products,* 1980 WCAB 1519, *lv den* Court of Appeals docket no. 52678, April 15, 1981, *application for leave pending* Supreme Court docket no. 67127, granted the fund's motion. On appeal, plaintiff acknowledges that in *White v Weinberger Builders, Inc,* 397 Mich 23; 242 NW2d 427 (1976),

the Supreme Court held that, where an employee and employer enter into a redemption agreement prior to an adjudication of the employer's liability, the employee may not thereafter maintain an action against the fund. However, in *Grice v General Motors Corp,* 407 Mich 465; 286 NW2d 238 (1979), the Court held that, where the redemption agreement takes place after an adjudication of liability, an appeal of the decision concerning the fund may still be maintained.

Plaintiff claims that, in the present case, the judge's decision constituted an adjudication of the plaintiff's claim against both the employer and the fund and, since the redemption agreement was entered into thereafter, the WCAB erred in dismissing plaintiff's appeal against the fund. In response, defendant fund argues that plaintiff's claim against the fund is derivative of plaintiff's claim against the employer, that the judge's decision only adjudicated a part of plaintiff's claim against the employer (the claim for general disability benefits) and was not an adjudication of liability of the derivative claim for differential benefits, and that in fact the judge's decision was of nonliability of the derivative claim against the fund and, accordingly, plaintiff does not come within the exception created in *Grice.* We agree with defendant fund.

In *White v Weinberger Builders, Inc,* 397 Mich 23; 242 NW2d 427 (1976), four plaintiffs entered into redemption agreements with their respective employers prior to a hearing before an administrative law judge on the issue of their employer's liability or a hearing concerning the liability of the fund. Plaintiffs then sought to recover total and permanent disability benefits from the fund. In each case, the plaintiff's claim was dismissed on

the ground that the fund's liability was contingent upon payment of disability benefits by the employer or its insurance carrier following an admission or determination of employer liability. The WCAB affirmed the decision of the administrative law judge and this Court affirmed the decision of the WCAB. *White v Weinberger Builders, Inc,* 49 Mich App 430; 212 NW2d 307 (1973). The Supreme Court affirmed this Court's decision and adopted its analysis. 397 Mich 23, 30. In so doing, it stated the following:

"The Second Injury Fund should not be subjected to a separate, independent hearing to determine whether the fund is liable for differential payments when the claimant and employer redeem all alleged potential employer liability by entering into a negotiated settlement where *employer liability* has been neither admitted nor adjudicated." 397 Mich 23, 27. (Emphasis supplied.)

Three years later, in *Grice, supra,* the Supreme Court addressed what the opening paragraph of its opinion described as "an issue left unanswered by *White".* In that case, plaintiff filed a claim against both his employer and the fund. Following a hearing, the administrative law judge made a determination of liability against the fund on grounds that plaintiff was totally and permanently disabled by loss of industrial use of both legs. The fund and the employer appealed to the WCAB and, while the appeals were pending, the employer and plaintiff entered into a redemption agreement settling all claims against the employer. The fund then filed a motion to dismiss which was granted by the WCAB, and the Court of Appeals denied leave to appeal. The Supreme Court reversed saying:

"The Fund argues that because this determination was not final (because of the appeals) at the time the redemption occurred, the *White* rationale applies to foreclose its liability. Resolution of this dispute *depends on whether the referee's decision was a sufficient adjudication of liability.*

"The fact that an appeal followed does not diminish the impact of the referee's finding of liability. In the workers' compensation setting, the referee's decision is an adjudication of liability. This is sufficient to remove the considerations which motivated the *White* majority. We see no difference between these facts (where the employer has abandoned its appeal) and a case where only the Fund appeals the referee's decision." *Grice, supra,* 468. (Emphasis supplied.)

Unlike the situation in *Grice, supra,* the administrative law judge, in the case before us, did not find in plaintiff's favor on the issue of permanent and total disability. He found in plaintiff's favor only with respect to the open award. He specifically found that plaintiff had not sustained loss of industrial use of both legs. Consequently, the WCAB found, relying on its decision in *Giamanco, supra,* that, because there was no adjudication or admission of liability against plaintiff's employer prior to the execution of the redemption agreement, *White* required dismissal of plaintiff's claims against the fund.

In *Giamanco,* the plaintiff claimed permanent and total disability. The administrative law judge found against plaintiff. The plaintiff appealed to the WCAB. However, plaintiff and his employer entered into a redemption agreement prior to the decision of the WCAB. The WCAB granted the fund's motion to dismiss, stating:

"Counsel for plaintiff insists that he is entitled to a decision on his appeal, notwithstanding the redemption,

on the authority of *Grice v General Motors Corp,* 407 Mich 465 (1979). However, *Grice, supra,* was decided against a factual background having one significant difference. In *Grice, supra,* plaintiff had won (as to the fund) at the trial level and accordingly the matter before the board was a favorable adjudication of total and permanent disability." *Giamanco, supra,* 1520.

We perceive that resolution of the dispute in the instant case, like resolution of the dispute in *Grice,* depends upon whether the administrative law judge's decision "was a sufficient adjudication of liability". In *White* there had been no adjudication of employer liability, either as to general disability benefits due from the employer or differential benefits due on the derivative claim from the fund. Conversely, in *Grice,* there was an adjudication of liability of both general benefits and differential benefits for loss of industrial use of both legs. The instant case, like the situation in *Giamanco,* falls somewhere in between, thus making the issue of first impression. Application for leave to appeal in *Giamanco* remains pending in the Supreme Court.

The basic problem in the case before us lies in the ambiguity of the phrase "employer liability" as initially used in *White, supra.* Did the Supreme Court intend those words to include employer liability for differential benefits, or would a finding of liability for general benefits suffice? In our opinion, *Grice* answered that question when it referred to "sufficient adjudication of liability". In *Grice,* the adjudication was sufficient because the administrative law judge determined liability on the derivative claim for total and permanent disability. In our opinion, the adjudication of liability is insufficient if it only includes general liability. The flaw in plaintiff's argument is the assumption

that adjudication of *any part* of "employer liability" is adjudication of *all parts* of employer liability. Contrary to plaintiff's argument, *Grice* did not hold so broadly. In our opinion, the adjudication of employer liability was insufficient in the instant case. As is pointed out in the brief of the Attorney General, under plaintiff's theory, any decision on *any* issue against the employer, followed by employer redemption, would subject the fund to subsequent litigation on claims for total and permanent disability without employer participation. This is exactly what the rule in *White* was designed to prevent.

Affirmed. No costs, a question of public importance being involved.