RONAN v MICHIGAN PUBLIC SCHOOL EMPLOYEES
RETIREMENT SYSTEM

Docket No. 216633. Submitted December 5, 2000, at Detroit. Decided May
8, 2001, at 9:10 A.M. Leave to appeal sought.

Judith Ronan, a retired public school teacher and member of the
defendant Michigan Public School Employees Retirement System,
appealed to the Wayne Circuit Court from a determination of the
Michigan Public School Employees Retirement Board that did not
allow service credit for three school years in which Ronan did not
teach but had filed worker's compensation claims that resulted in
redemption orders. The court, John A. Murphy, J., reversed the
board's decision and remanded the matter to the board to deter-
mine if Ronan's absence from work was the result of work-related
health problems. The court's holding was based on the holding in
*Adrian School Dist v Michigan Public School Employees' Retire-
ment System*, 458 Mich 326 (1998), which found that service credits
are properly allowed for periods for which weekly worker's com-
pensation payments are made. The board appealed by leave
granted, alleging that the *Adrian School* decision does not apply to
the worker's compensation disability redemption payments
received by Ronan.

The Court of Appeals *held*:

1. The Michigan Public School Employees Retirement Act, MCL
38.1301 *et seq.*, provides that public school employees are entitled
to service credit for time spent off work while receiving "compen-
sation." The act, at the time relevant to this case, defined "compen-
sation" to include "sick leave pay while absent from work."

2. The Supreme Court's holding in *Adrian School* that weekly
worker's compensation benefits qualify under the definition of
"compensation" in the act does not compel a conclusion that the
benefits at issue in this matter, worker's compensation redemption
awards, fit the definition of "compensation" in the act.

3. The amendment of the act by 1996 PA 268 to include in the
definition of "sick leave" pay "weekly worker's disability compensa-
tion payments," while not including a broader category like "pay-
ments made pursuant to worker's compensation claims," indicates
that worker's compensation redemption payments were not in-

tended to be considered "compensation" before the act was amended.

Reversed and remanded.

SCHOOLS — PUBLIC SCHOOL EMPLOYEES RETIREMENT SYSTEM — SERVICE CREDIT — WORKER'S COMPENSATION.

The Michigan Public School Employees Retirement Act entitles public school employees to service credit for time spent off work while receiving "compensation," including "sick leave pay while absent from work"; although weekly worker's disability compensation payments fit the definition of "compensation" in the act, a worker's compensation redemption award does not (MCL 38.1303a, 38.1304[1]).

*Allen J. Counard, P.C.* (by *Charles A. Butler*), for the plaintiff.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *David L. Balas*, Assistant Attorney General in Charge, and *Alan J. Lambert*, Assistant Attorney General, for the defendant.

Before: BANDSTRA, C.J., and WILDER and COLLINS, JJ.

BANDSTRA, C.J. The Michigan Public School Employees Retirement Board (the board) denied plaintiff's request that she be permitted service credit for three school years in which she did not teach. With regard to those years, plaintiff had filed worker's compensation claims that resulted in redemption orders. Plaintiff appealed the board's decision to the circuit court, which concluded that service credit could be made available to plaintiff under the Michigan Public School Employees Retirement Act (the act), MCL 38.1301 *et seq.*, as interpreted by *Adrian School Dist v Michigan Public School Employees' Retirement System*, 458 Mich 326; 582 NW2d 767 (1998). The board appealed that decision by leave granted. We conclude that *Adrian School* does not allow for any provision

of service credit to plaintiff under the facts of this case and we reverse and remand.

Plaintiff is a retired school teacher and a member of the defendant Michigan Public School Employees Retirement System. For purposes of calculating her retirement benefits, plaintiff was not allowed service credit for three school years in which she did not teach and claimed a worker's compensation disability. The filing of a claim for worker's compensation often results in payment of weekly benefits for the period during which an employee is unable to work because of work-related injury or illness. Alternatively, a worker's compensation claim may be settled with the payment of a lump-sum amount pursuant to a worker's compensation redemption order. Plaintiff received such settlements following her claims for worker's compensation benefits for the three school years in which she did not teach.

The board does allow service credit for periods for which weekly worker's compensation payments are made, a policy that was affirmed in *Adrian School,* *supra.* However, the board decided here that plaintiff is not entitled to the same treatment with respect to time away from work that resulted in a worker's compensation redemption order, without provision of any weekly worker's compensation payments. On appeal, the circuit court reversed that decision, concluding that, under *Adrian School,* plaintiff is entitled to the service credit requested. The matter was remanded and defendant was ordered to determine if plaintiff's absence from work was the result of work-related health problems. The board challenges that decision on appeal, arguing that it is contrary to the act. We agree and reverse the decision of the circuit court.

This Court reviews a decision of an administrative agency in the same manner the circuit court does. *Wyckoff v Detroit*, 233 Mich App 220, 222; 591 NW2d 71 (1998). Reviewing courts may set aside an order of an administrative agency if it violates the constitution or a statute or if the ruling contains a substantial and material error of law. MCL 24.306(1)(a), (f); *Adrian School, supra* at 332. The present case involves only statutory interpretation, a matter of law and subject to review de novo. See *Colbert v Conybeare Law Office*, 239 Mich App 608, 614; 609 NW2d 208 (2000); *Wyckoff, supra* at 222.[1] This Court has discussed its duties of judicial interpretation as follows:

> The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). We look to the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the statute's purpose. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994). [*Conybeare, supra* at 616.]

The issue presented is similar to that considered in *Adrian School*. Under the act, public school employees are entitled to service credit for time spent off

[1] We note that the board has argued that the circuit court could not conduct review de novo without first finding "that the Board's decision was not supported by competent, material and substantial evidence, or that it was arbitrary, capricious, or clearly an abuse of discretion or was otherwise affected by a substantial and material error of law . . . ." Defendant's statement of the proper standard of review fits the criteria articulated in MCL 24.306. However, defendant's administrative decision, and that of the circuit court, turned exclusively on statutory interpretation; it depended neither on resolution of disputed fact issues, a discretionary decision, nor any other matter that did not turn directly on statutory interpretation.

work while receiving "compensation." See, generally, *Adrian School, supra* at 338-339 (TAYLOR, J., dissenting). The act, as it was written during the relevant period for this case, defined "compensation" as including "sick leave pay while absent from work." MCL 38.1304(1).[2] The majority opinion in *Adrian School* concluded that weekly worker's compensation benefits qualified under this statutory definition. It reasoned that "[w]orker's disability compensation benefits are a form of sick leave pay because they are compensation for illness or injury suffered by a public school employee while on the job." *Adrian Schools, supra* at 334. The *Adrian School* majority further noted that, while the case before it was pending on appeal, the Legislature had amended the definition of "compensation" to expressly include "weekly worker's disability compensation payments . . . ." *Id.* at 337; MCL 38.1303a. The *Adrian School* majority concluded that this legislative amendment did not suggest a change in legislative intent regarding whether such payments should be considered compensation but, instead, clarified the consistent intent of the statute that those payments should be considered compensation. *Adrian School, supra* at 337. The three judges joining in the dissent concluded that this was an unwarranted extension of the provisions of the statute to provide relief in consideration of the "compelling situation" of the plaintiff there, who had been allowed service credits that left her just short of a full thirty years. *Id.* at 329-330.

---

[2] As will be discussed later, this provision was rewritten and recodified through an amendment effective in 1996. See 1996 PA 268.

While we are, of course, bound by the majority opinion in *Adrian School*, the question before us is whether the language of the act can be further extended to include the service credit that plaintiff seeks here. Because the reasoning employed by the *Adrian School* majority does not apply here, we conclude such a further interpretative extension cannot properly be afforded to the statutory language.

Payment of weekly worker's compensation benefits, such as were at issue in *Adrian School*, results from a recognition by an employer (or, in a contested case, a determination by the worker's compensation bureau) that an employee has an injury or illness requiring an absence from work. It is a payment made for that reason and as a replacement for the wages that are lost. In that sense, weekly worker's compensation benefit payments are, in the words of the *Adrian School* majority, "compensation for illness or injury" that prevents an employee from working. *Id.* at 334. Thus, "a reasonable interpretation of 'sick leave pay' encompasses" those payments. *Id.*

In contrast, the worker's compensation redemption awards plaintiff received in this case are merely settlements of her claims for benefits and do not constitute any recognition or determination that she was prevented from working because of illness or injury. See, e.g., MCL 418.835(1); *White v Weinberger Builders, Inc*, 397 Mich 23, 34; 242 NW2d 427 (1976); *Leupp v All Day All Night Laundromat*, 117 Mich App 368, 373; 323 NW2d 708 (1982), remanded on other grounds 418 Mich 887 (1983). In fact, plaintiff here acknowledged that the redemption settlements she received were intended, at least in part, to cover medical care and retraining expenses. The redemption

agreements do nothing to establish that plaintiff was prevented from teaching because of injury or illness, nor do they specify what amount of the payment awarded might be allocated to such lost time.

Further, nothing in the 1996 amendments or other legislative action suggests that the definition of "compensation" here was intended to include worker's compensation redemption payments. To the contrary, the further definition of "sick leave" provided by the amendment was specifically limited to include only "weekly worker's disability compensation payments," not some broader category like "payments made pursuant to worker's compensation claims." Following the example of the *Adrian School* majority, we rely on the legislative amendment to ascertain the intent of the preamendment definition of "compensation." The only conclusion that can be drawn is that payments not included in the amendment, such as the worker's compensation redemption payments here, were not intended to be within the definition.

Having reached this conclusion, we need not consider whether the board has statutory authority to determine whether plaintiff's redemption awards were based on her being away from work for health problems arising out of her employment, as would have been required by the circuit court's remand order.[3] However, we note that this task would have been very difficult, especially with respect to the earliest school year for which plaintiff seeks service

---

[3] We note that the jurisdiction granted to the worker's compensation bureau over such questions has been considered exclusive even with regard to disputes that do not involve employees and employers, such as is at issue here. *Dixon v Sype*, 92 Mich App 144, 147; 284 NW2d 514 (1979); MCL 418.841(1).

credit. Under the act, the board would have been required to somehow determine the specific periods during which plaintiff was away from work because of work-related health issues, to properly allow her full or partial credit for those years. See MCL 38.1368. With the passage of time, that determination would be increasingly problematic.

In sum, we conclude that the reasons the *Adrian School* majority relied on to extend the definition of "sick leave pay while absent from work" to include weekly worker's compensation benefits cannot support a further extension to include the worker's compensation disability redemption payments at issue here.[4] Accordingly, the board correctly concluded that it was without authority to extend service credit for any of the time away from work that precipitated those payments.

We reverse and remand.

---

[4] We also recognize that plaintiff may be left without service credit for time she was, in fact, away from work for reasons that would have warranted payment of weekly worker's compensation benefits. That, however, is a consequence of plaintiff's decision to accept a redemption settlement rather than secure a determination of her eligibility for those weekly benefits. Presumably, this was not a consequence plaintiff foresaw at the time. In that sense, this case might be considered a "compelling situation" as in *Adrian School*. Nonetheless, for the reasons stated, we cannot further extend the statute beyond the extension afforded the plaintiff in *Adrian School*, simply to provide plaintiff the relief she seeks in this case.