CLARK v CADILLAC GAGE

Docket No. 44297. Submitted April 23, 1980, at Detroit.—Decided
    November 19, 1980.

John H. Clark suffered loss of industrial use of his left leg in a
    work-related accident and was awarded workers' compensation
    benefits. Neither his employer, Cadillac Gage, nor his employ-
    er's insurer, Fireman's Fund Insurance Company, appealed
    that award. Clark, by a supplemental petition, sought benefits
    for total and permanent disability from the Second Injury Fund
    on the basis of loss of industrial use of his left leg and his
    alleged prior loss of his left eye. An administrative law judge
    awarded Clark permanent and total disability benefits. The
    Second Injury Fund appealed that decision to the Workers'
    Compensation Appeal Board. At the hearing before the appeal
    board, Cadillac Gage admitted that Clark had suffered the
    alleged prior loss of an eye. The appeal board ruled that the
    Second Injury Fund was bound by the employer's admission
    and affirmed the award. The Second Injury Fund appeals,
    arguing that it is not bound by the employer's admission
    relative to the prior loss of an eye and the appeal board erred
    in failing to review the evidence and make findings of fact
    relative to the alleged prior loss of an eye. *Held:*

    Since the employer would suffer no liability by admitting the
    prior loss of an eye by its employee and might be motivated to
    make such an admission out of a desire to promote employee
    relations or to avoid further litigation, the Second Injury Fund
    is not bound by the employer's admission. The Workers' Com-
    pensation Appeal Board should have addressed the question of
    the alleged prior loss of the left eye on the merits and made the
    necessary findings of fact relative to that question.

    Reversed and remanded.

WORKERS' COMPENSATION — SECOND INJURY FUND — TOTAL AND
    PERMANENT DISABILITY — ADMISSION BY EMPLOYER — DUTY OF
    APPEAL BOARD.
    The Second Injury Fund is not bound by the admission of an

REFERENCE FOR POINTS IN HEADNOTE
[1] 82 Am Jur 2d, Workmen's Compensation § 344.

employer that its employee, who at the time of the admission was seeking benefits for total and permanent disability from the Fund, had suffered the alleged prior loss of an eye; the Workers' Compensation Appeal Board is required to make findings of fact on the question of whether there was a prior loss of an eye rather than merely relying upon the admission of the employer, who would suffer no liability as a result of such an admission, before it can find liability on the part of the Second Injury Fund for total and permanent disability benefits.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Robert W. Howes* and *James P. Harvey*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eileen D. Zielesch,* Assistant Attorney General, for the Second Injury Fund.

Before: V. J. BRENNAN, P.J., and BRONSON and H. E. DEMING,* JJ.

H. E. DEMING, J. Defendant Second Injury Fund appeals from a decision of the Workers' Compensation Appeal Board upholding plaintiff's claim for total and permanent disability benefits.

On June 25, 1976, plaintiff was awarded compensation benefits for the loss of industrial use of his left leg in a work-related accident which occurred on August 13, 1973. Neither his employer, Cadillac Gage, nor its insurer, Fireman's Fund Insurance Company, appealed from that award. On July 28, 1976, plaintiff filed a supplemental petition seeking benefits for total and permanent disability from the Second Injury Fund based on the loss of industrial use of his left leg and the alleged prior loss of his left eye. The administrative law judge rendered his decision on December 13, 1977, in

* Circuit judge, sitting on the Court of Appeals by assignment.

favor of plaintiff, ordering the Second Injury Fund to pay compensation benefits beginning on the date defendants Cadillac Gage and Fireman's Fund concluded payments on the June 25, 1976, award. Defendant Second Injury Fund appealed this decision to the Workers' Compensation Appeal Board, and oral argument took place on January 4, 1979. At that time, defendant Cadillac Gage, plaintiff's employer, admitted that plaintiff had suffered the alleged prior eye loss. On April 30, 1979, the appeal board ruled that the Fund was bound by the employer's admission regarding plaintiff's eye injury and affirmed the award.

The Fund claims in this appeal that the Workers' Compensation Appeal Board was required to review the evidence and make findings of fact on the eye loss question and erred by ruling that the Fund was bound by the employer's admission. We agree and hold, based on the specific facts of the instant case, that the employer's admission did not bind the Second Injury Fund.

Plaintiff relies on *White v Weinberger Builders, Inc,* 397 Mich 23; 242 NW2d 427 (1976), in claiming that the employer's admission in the present case was binding on the Fund because the Fund's liability is derivative of the employer's liability. *White* involved four separate employees whose claims for compensation benefits were disputed by their respective employers. In each case, the employers' liability was terminated when it entered into a redemption agreement with the claimant whereby the employer agreed to pay a lump sum in settlement of the claim, without admitting liability. See, MCL 418.835; MSA 17.237(835). Each claimant subsequently petitioned the Second Injury Fund seeking differential benefits under § 521(2) of the Worker's Disability Compensation

Act, MCL 418.521(2); MSA 17.237(521)(2). The Fund denied liability on the ground that the liability of the employers, a prerequisite to recovery of differential benefits, had not been admitted or determined in a hearing. The hearing referee and the Workers' Compensation Appeal Board agreed, and an appeal to this Court followed. In *White v Weinberger Builders, Inc,* 49 Mich App 430; 212 NW2d 307 (1973), this Court held that the establishment of employer liability, either by admission or adjudication prior to redemption, is an absolute prerequisite to Second Injury Fund liability. The Supreme Court affirmed. Both opinions contain language indicating that the Fund's liability is derivative of that of the employer.

We do not believe *White* is controlling in the present case, which does not involve the differential benefits provision of the act. Derivative liability and a passive role for the Second Injury Fund make sense where the employer and its insurer have a sufficient stake in the outcome of the case to resist a dubious claim. The instant case does not present such a situation since only the Second Injury Fund would have been required to pay benefits for total and permanent disability if plaintiff prevailed. By admitting that plaintiff had a preexisting disabling eye injury, the employer did not render itself "liable" for any additional benefits. We hold that the employer's admission, which may have been motivated by such factors as a desire to promote employee relations or avoidance of the cost of further litigation, does not deprive the Second Injury Fund of the right to appeal the administrative law judge's decision. The Workers' Compensation Appeal Board erred by failing to address the merits of the appeal.

Reversed and remanded.