BANKS v DeCLERK INDUSTRIES, INC

Docket No. 45535. Submitted June 17, 1980, at Detroit.—Decided November 30, 1981. Leave to appeal applied for.

Harvey Banks, an employee of DeClerk Industries, Inc., lost four fingers on his left hand in a work-related accident in 1953. He was paid specific loss benefits for the loss of the fingers. In 1960, while still in the employ of DeClerk, Banks suffered an injury to his right eye in another work-related accident. The injury resulted in total, permanent loss of sight in the right eye as of October 19, 1962. Banks was paid specific loss benefits for the loss of the eye and continued to work for DeClerk until 1974, when DeClerk went out of business. In 1975, Banks filed a petition for total and permanent disability benefits, alleging that he had suffered loss of the industrial use of his left hand and permanent and total loss of sight in his right eye and that he was therefore entitled to receive differential benefits from the Second Injury Fund for total and permanent disability. The administrative law judge concluded that the Second Injury Fund was liable for payment of differential benefits beginning September 1, 1965, and for payment of full benefits from November 26, 1965, the date of exhaustion of the specific loss benefits for the loss of the eye. The Second Injury Fund appealed to the Workers' Compensation Appeal Board, which concluded that the Fund had no right to independent review of the administrative law judge's finding of fact that Banks had lost the industrial use of his left hand. The rationale behind the board's conclusion was that the Second Injury Fund's liability was derived from that of the employer and that, since the employer did not appeal the factual finding of loss of industrial use of the hand, the Fund was bound by the decision of the judge on the issue of fact. The board declined to review questions of fact on the issue of the loss of industrial use of the hand raised by the Fund and ordered the Fund to pay differen-

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 613, 614.
[2] 82 Am Jur 2d, Workmen's Compensation § 342 *et seq.*

tial and full benefits to Banks for total and permanent disability. The Second Injury Fund appeals. *Held:*

1. The Workers' Compensation Appeal Board erred by failing to address the merits of the appeal as to the issue of fact. The Second Injury Fund's rights and liabilities are not identical to those of an employer. For this reason, the Fund's right to appeal a finding of fact made by an administrative law judge or the Workers' Compensation Appeal Board is not completely dependent upon the employer exercising its right to appeal. The employer in this case has no monetary interest in pursuing an appeal since it has already redeemed its liability. Only the Fund was aggrieved by the decision requiring it to pay benefits. A party aggrieved by an administrative decision has a basic constitutional due process right to appeal such decision. The Fund may appeal the Board's decision and receive a hearing and decision on the merits as to issues of law and fact.

2. Compensation for a second category of injury is not "further compensation" under the Worker's Disability Compensation Act and is not subject to the one-year-back rule.

Reversed and remanded.

1. Workers' Compensation — Second Injury Fund — Appeal.

The Second Injury Fund's rights and liabilities under the Worker's Disability Compensation Act are not identical to those of an employer; for this reason, the Fund's right to appeal a finding of fact made by an administrative law judge or the Workers' Compensation Appeal Board is not dependent upon the employer exercising its right of appeal where only the Fund is aggrieved by the decision of the judge or board (MCL 418.101 *et seq.;* MSA 17.237[101] *et seq.).*

2. Workers' Compensation — One-Year-Back Rule — "Further Compensation".

Payment of workers' compensation benefits for a second category of injury is not "further compensation" under the Worker's Disability Compensation Act and is not, therefore, subject to the one-year-back rule which limits the retroactive award of workers' compensation to the year immediately preceding the application for further compensation (MCL 418.833[1]; MSA 17.237[833][1]).

*Kelman, Loria, Downing, Schneider & Simpson,* for Harvey Banks.

*Ulanoff, Ross, Summer & LaKritz, P.C.* (by

*James D. Bloom),* for DeClerk Industries, Inc., and American Insurance Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eileen D. Zielesch,* Assistant Attorney General, for the Second Injury Fund.

Before: N. J. KAUFMAN, P.J., and CYNAR and J. E. TOWNSEND,* JJ.

J. E. TOWNSEND, J. Appellant, Second Injury Fund, appealed a May 9, 1979, Workers' Compensation Appeal Board order which declined to review questions of fact raised by the Second Injury Fund and ordered the Second Injury Fund to pay differential and full benefits to Harvey Banks for total and permanent disability.

From 1949 to 1974 Banks was a truck driver-mechanic for DeClerk Industries, Inc. On September 9, 1953, Banks was injured at work, losing four fingers on his left hand. He was paid specific loss benefits for the loss of such fingers. Banks continued thereafter to work for DeClerk.

On August 29, 1960, Banks lost his right eye while at work and was paid 162 weeks of specific loss benefits. In 1974, DeClerk Industries, Inc., went out of business.

On July 11, 1975, Banks filed a petition for total and permanent disability benefits, alleging that he had lost industrial use of his left hand and had suffered permanent loss of sight of his right eye and that therefore he was entitled to differential benefits for total and permanent disability pursuant to the provisions of MCL 418.521(1); MSA 17.237(521)(1).

* Circuit judge, sitting on the Court of Appeals by assignment.

On May 20, 1976, Administrative Law Judge Robert F. Martin concluded that Banks was totally and permanently disabled as of October 19, 1962, the date Banks was determined to have suffered total, permanent loss of sight in his right eye. No benefits were payable from the employer because additional specific loss benefits, over and above the scheduled loss benefits of the four fingers, were barred by statute. No further benefits were payable with respect to the loss of the eye because specific loss payment had already been made. Judge Martin determined that the loss of the right eye in combination with the industrial loss of the left hand constituted total and permanent disability and concluded that the Second Injury Fund was liable for payment of differential benefits beginning September 1, 1965, and for payment of full benefits from November 26, 1965, the date of the exhaustion of the specific loss benefits for the loss of the eye.

The Second Injury Fund then sought review before the appeal board. On May 9, 1979, a two-person majority of the board concluded that the Second Injury Fund was limited to review of the law and had no right to independent review of the referee's finding of fact that Banks had lost the industrial use of his left hand. The majority reasoned that the Second Injury Fund's liability was derived from that of the employer and that, since the employer did not appeal the factual finding of lost industrial use of the left hand, the Fund was bound by the decision of the hearing referee on the issue of fact.

The critical issue to be decided on appeal is whether the Second Injury Fund is precluded from appealing the finding of fact of loss of industrial use of the limb unless the employer also appeals such finding of fact.

Appellees contend that the concept of derivative liability enunciated in *White v Weinberger Builders, Inc,* 397 Mich 23; 242 NW2d 427 (1976), and in the Court of Appeals opinion in *White v Weinberger Builders, Inc,* 49 Mich App 430; 212 NW2d 307 (1973), adopted by the Supreme Court majority, controls the outcome of this case in that the Second Injury Fund's right to appeal is completely dependent upon the employer exercising its right of appeal.

Appellant contends that *Grice v General Motors Corp,* 407 Mich 465; 286 NW2d 238 (1979), recognizes that the Second Injury Fund's rights and liabilities are not identical to those of the employer.

*Grice* recognized the right of the claimant to pursue an independent claim against the Second Injury Fund where a redemption of the employer's liability occurred after a determination of employer liability by referee's decision. The Supreme Court distinguished the *White* decision and remanded the case to the Workers' Compensation Appeal Board for proceedings on the merits, stating on page 468 as follows:

"In the workers' compensation setting, the referee's decision is an adjudication of liability. This is sufficient to remove the considerations which motivated the *White* majority. We see no difference between these facts (where the employer has abandoned its appeal) and a case where only the Fund appeals the referee's decision.

"We intimate no opinion as to whether the Fund is liable to plaintiff. Such a decision is for the WCAB, provided the fund continues to pursue its appeal. Our decision today only affects the dismissal of plaintiffs' claim.

"The WCAB's order dismissing plaintiff's claim against the Second Injury Fund is vacated and the case

is remanded to the WCAB for proceedings consistent with this opinion."

The *Grice* decision clearly contemplated a continuation of the defense against Grice's appeal by the Second Injury Fund even though the employer had redeemed its liability and had terminated its participation in the appeal. The quoted language also recognizes the possibility that only the Second Injury Fund might appeal a decision.

Such interpretation of the quoted language is completely consistent with the basic constitutional due process principle that a party aggrieved by an administrative decision has a right to appeal such decision. The *Grice* decision is inconsistent with appellant's position that the Second Injury Fund's liability is completely and absolutely derivative. If the Second Injury Fund's liability were completely derivative, such liability would have been discharged by the redemption of the employer's liability.

On the facts of *Grice* and of the case before this Court the employer has no monetary interest in pursuing the appeal. Only the Second Injury Fund was aggrieved by the decision requiring it to pay benefits. It may appeal such decision and receive a hearing and decision on the merits as to issues of law and fact. The decision reached by a panel of this Court in *Clark v Cadillac Gage,* 101 Mich App 513, 516; 300 NW2d 622 (1980), supports this analysis and result.

The Workers' Compensation Appeal Board erred by failing to address the merits of the appeal as to the issue of fact.

The case of *Pleiness v Mueller Brass Co,* 56 Mich App 169; 223 NW2d 634 (1974), involved application of the concept of finality of decision

where no appeal was taken within the prescribed time for appeal. In the present case, appeal was sought by the Second Injury Fund within the appeal period.

The Second Injury Fund further presented the issue as to the applicability of the one-year-back rule to the facts of this case. Such issue has been resolved contrary to the position of the Second Injury Fund in the case of *Martin v Somberg-Berlin Metals Co,* 407 Mich 737; 288 NW2d 574 (1980). That decision held that compensation for a second category of injury is not "further compensation" under the statute and therefore not subject to the one-year-back rule.

Reversed and remanded to the Workers' Compensation Appeal Board for proceedings consistent with this opinion.