TRUSS v MARIAN MANOR NURSING HOME, INC

Docket No. 59085. Submitted June 17, 1982, at Detroit.—Decided October 7, 1982. Leave to appeal applied for.

Mary Truss was injured while working as a cook for Marian Manor Nursing Home, Inc., when she slipped and fell on water from a dishwasher. Following a hearing by the Bureau of Workers' Disability Compensation, Truss was awarded specific loss benefits. Eight years later, plaintiff filed another petition for hearing with the Bureau of Workers' Disability Compensation, alleging the loss of industrial use of both her legs and seeking differential benefits for total and permanent disability. The hearing referee found that Truss had suffered total and permanent loss of the industrial use of both legs as a result of the fall at Marian Manor and had become permanently and totally disabled. The hearing referee ordered the Second Injury Fund to pay maximum differential benefits from the date of the injury and continuing. Marian Manor declined to appeal the referee's decision and order. The Second Injury Fund appealed to the Workers' Compensation Appeal Board disputing the date on which the total and permanent loss commenced and arguing that either the one-year-back rule or the two-year-back rule should apply. The appeal board held that the issue of the date of Truss's total and permanent disability was a factual issue which the fund did not have standing to appeal since the fund's liability was derivative of that of the employer and the employer chose not to appeal that finding. Second Injury Fund appeals. *Held:*

The derivative liability rule does not apply where the fund's interests differ substantially from that of the employer's. Since only the fund would be required to pay the additional benefits for a total and permanent disability, the employer runs no risk of liability by its admission or stipulation to an employee's differential benefits claim. Given their different stakes in the outcome, an employer's admission does not deprive the fund of the right to appeal the referee's decision.

Reversed and remanded to the Workers' Compensation Appeal Board for further proceedings.

REFERENCE FOR POINTS IN HEADNOTE

82 Am Jur 2d, Workmen's Compensation §§ 344, 630 *et seq.*

WORKERS' COMPENSATION — SECOND INJURY FUND — APPEAL.
  The Second Injury Fund's rights and liabilities under the Work-
  er's Disability Compensation Act are not identical to those of
  an employer; for this reason, the fund's right to appeal a
  finding of fact made by a hearing referee or the Workers'
  Compensation Appeal Board is not dependent upon the employ-
  er's exercising its right of appeal where only the fund is
  aggrieved by the decision of the referee or board (MCL 418.101
  *et seq.;* MSA 17.237[101] *et seq.).*

*Goodman, Eden, Millender & Bedrosian* (by *Morton A. Eden)* and *Gary Granader,* of counsel, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Eileen D. Zielesch* and *Caleb B. Martin, Jr.,* Assistants Attorney General, for Second Injury Fund.

Before: V. J. BRENNAN, P.J., and D. C. RILEY and V. R. PAYANT,* JJ.

PER CURIAM. Defendant Second Injury Fund (fund) appeals by leave granted the refusal of the Workers' Compensation Appeal Board (WCAB) to review a hearing referee's factual finding that plaintiff became totally and permanently disabled on February 14, 1967.

Plaintiff was injured while working as a cook for Marian Manor Nursing Home when she slipped and fell on water from a dishwasher. The last day she worked for the nursing home was February 14, 1967. Plaintiff then worked from April 15, 1967, to September 3, 1967, at the Saratoga Country Club. She was awarded specific loss benefits in May, 1968.

On December 24, 1976, plaintiff filed a petition for hearing, alleging the loss of industrial use of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

both her legs, and sought differential benefits for total and permanent disability pursuant to MCL 418.521(2); MSA 17.237(521)(2).

Following the hearing held on May 3, 1977, the hearing referee found that plaintiff was totally and permanently disabled as of February 14, 1967, and ordered the fund to pay differential benefits from that date. The fund sought review to the WCAB. The majority of the WCAB, relying on *White v Weinberger Builders, Inc,* 397 Mich 23; 242 NW2d 427 (1976), concluded that, since the fund's liability was derivative of that of the employer, the fund had no right to independently appeal the hearing referee's finding of fact absent the employer's appeal of that finding.

The issue presented in this case is not new to this Court. In the recent decisions of *Banks v DeClerk Industries, Inc,* 111 Mich App 489; 314 NW2d 663 (1981), and *Clark v Cadillac Gage,* 101 Mich App 513; 300 NW2d 622 (1980), *lv gtd* 411 Mich 1034 (1981), this Court held that the Second Injury Fund had a right to appeal to the WCAB independently of an employer's right to appeal. In both cases, the Court indicated that the derivative liability rule of *White* is not controlling when the fund's interests differ substantially from that of the employer's. Since only the Second Injury Fund would be required to pay the additional benefits for a total and permanent disability, the employer runs no risk of liability by its admission or stipulation to an employee's differential benefits claim. Given their different stakes in the outcome, an employer's admission does not deprive the fund of the right to appeal the hearing referee's decision. *Banks, supra,* p 494; *Clark, supra,* p 516.

Judge BRENNAN, concurring in *Harris v Harlan*

*Electrical Construction Co,* 101 Mich App 155, 163; 300 NW2d 479 (1980), recognized the fund's right to challenge an adverse ruling, stating:

"I find it neither inherently unfair nor unreasonable that the SIF stand in the shoes of the employer in effecting a redemption agreement relieving it of liability while conversely having the right to notice and to challenge a claimant's claim when the fund's liability is determined by stipulation. I do not believe that the Court's holding in *White* is mutually exclusive of the position I advocate here."

We take this opportunity to express our concern with the WCAB's failure to follow the clear directive of those decisions. Apparently, some members of the appeal board believe that this Court's opinions are "irreconcilably at odds" with each other and thus, that they are free to adopt whatever result they choose.[1] The issue has been definitely resolved in favor of allowing the Second Injury Fund the right to appeal factual stipulations or adjudications independent of the employer's right to appeal. We would urge the WCAB in the present case and in future cases to follow this Court's decisions in *Banks, supra,* and *Clark, supra.*

Reversed and remanded to the WCAB for proceedings consistent with this opinion.

[1] There is a split of opinion within the WCAB itself with respect to this issue. In *Hebert v White Pine Copper Co,* 1982 WCABO 212, 216, the two-person majority correctly held:

"* * * that *Banks* is evidence that the judicial system has determined that where the employer's interests and the fund's interests are adverse, the fund has a right to assert those interests before agencies and the courts. Such a holding does no damage to the doctrine that an employee's right to fund payments is a derivative of his injury with the employer.

"The issue is resolved long since. The dissent's anger over that decision is insufficient reason to beat long-dead horses."