# STATE OF MICHIGAN

# COURT OF APPEALS

ANDERSONS ALBION ETHANOL, LLC,

        Petitioner-Appellee,

v

DEPARTMENT OF TREASURY,

        Respondent-Appellant.

FOR PUBLICATION
September 13, 2016
9:05 a.m.

No. 327855
Tax Tribunal
LC No. 14-005289-TT

Before: TALBOT, C.J., and O'CONNELL and OWENS, JJ.

O'CONNELL, J.

Defendant, Department of Treasury (the Department), appeals as of right the Tax Tribunal's ruling in favor of plaintiff, Andersons Albion Ethanol, LLC (Andersons), in this case involving a tax credit under the Michigan Business Tax Act, MCL 208.1 *et seq*.[1] The Tax Tribunal concluded that applying the renaissance zone business activity factor, MCL 208.1433(9)(f),[2] when the taxpayer does not have payroll services in the renaissance zone or in Michigan under the renaissance zone tax credit, leads to an absurd result. The Department agrees that literal application of the formula is impossible under such circumstances, but it contends that the Tribunal erred when it disregarded the Department's interpretation of the statute. We conclude that the Tribunal lacked cogent reasons to disregard the Department's interpretation, which was not contrary to the statute, and we reverse and remand.

## I. BACKGROUND

The amount of a taxpayer's credit depends on the taxpayer's renaissance zone business activity factor. See MCL 208.1433(1)(b)(*ii*)(C). "Renaissance zone business activity factor" is defined as:

> a fraction, the numerator of which is the ratio of the average value of the taxpayer's property located in a designated renaissance zone to the average value of the taxpayer's property in this state plus the ratio of the taxpayer's payroll for

---

[1] Now repealed. 2011 PA 39.

[2] Part of the renaissance zone tax credit.

-1-

services performed in a designated renaissance zone to all of the taxpayer's payroll in this state and the denominator of which is 2. [MCL 208.1433(9)(f).]

The following formula illustrates the factor as an equation, where X represents the renaissance zone business activity factor:

$$X = \frac{\left(\dfrac{\text{average value of zone property}}{\text{average value of Michigan property}} + \dfrac{\text{payroll for services performed in zone}}{\text{payroll in Michigan}}\right)}{2}$$

Andersons filed for a $514,579 renaissance zone tax credit for 2010 under the Michigan Business Tax Act. Andersons did not have any payroll attributable to services performed in a renaissance zone or in Michigan. Accordingly, its payroll ratio was 0/0, which is an undefined number.[3] Relying on guidance from the former Single Business Tax Act,[4] Andersons did not divide the combined averages in the numerator by two, despite that MCL 208.1433(9)(f) states the denominator is two. The Department concluded that Andersons had failed to properly divide by two and accordingly only granted Andersons a $257,290 credit for 2010.

Andersons appealed its final assessment and bill for taxes due before the Tax Tribunal. The Department filed for summary disposition, asserting that in such circumstances, it should simply remove the undefined number from the formula. Andersons contended that if the Department did so, it should not have to divide the numerator by two because one of the two factors in the numerator (the ratio regarding the taxpayer's payroll) did not exist.

The Tribunal granted summary disposition to Andersons. It held that applying the formula as written would lead to an "absurd result" because "adding one factor to an undefined number and then dividing that sum by two leads to a result not quantifiable under the laws of mathematics; neutral laws that determine values." The Tribunal concluded that no reasonable lawmaker could have conceivably intended a tax credit that is an indefinite number. It held that in such circumstances under the Single Business Tax Act, the Department had previously applied the interpretation advanced by Andersons—that the taxpayer need not apply the denominator—and concluded that it should do the same in these circumstances. The Department now appeals.

## II. STANDARDS OF REVIEW

When a party does not dispute the facts or allege fraud, we review whether the Tribunal "made an error of law or adopted a wrong principle." *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527-528; 817 NW2d 548 (2012). This Court reviews de novo the interpretation and application of tax statutes. *Id*. at 528. We review de novo the Tribunal's decision to grant or

---

[3] See Sal Khan, *The problem with dividing zero by zero: why zero divided by zero is undefined/indeterminate* <https://www.khanacademy.org/math/algebra/introduction-to-algebra/division-by-zero/v/why-zero-divided-by-zero-is-undefined-indeterminate> (accessed August 16, 2016).

[4] Now repealed. 2006 PA 325.

deny a motion for summary disposition. *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010).

## III. APPLICATION

We conclude that the Tribunal erred by granting summary disposition to Andersons. The Department's interpretation does not conflict with the statute's language, and the Tribunal lacked cogent reasons to overturn the Department's interpretation.

When interpreting a statute, our goal is to give effect to the intent of the Legislature. *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 141; 783 NW2d 133 (2010). If the plain and ordinary meaning of a statute's language is clear, we will not engage in judicial construction. *Id*. If the language of the statute is unambiguous, we must enforce the statute as written. *Id*. But "a statute need not be applied literally if no reasonable lawmaker could have conceived of the ensuing result." *Detroit Int'l Bridge Co v Commodities Export Co*, 279 Mich App 662, 675; 760 NW2d 565 (2008).

In this case, it is mathematically impossible to apply the Legislature's formula in the statute as written when one of the ratios in the numerator is 0/0. This fraction is an indeterminate number that renders the entire formula indeterminate. The parties do not dispute that the formula is unworkable under such a circumstance—they dispute the solution to the problem.

An agency's interpretation of a statute is not binding and may not conflict with the plain meaning of the statute, but it is entitled to respectful consideration. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 117-118; 754 NW2d 259 (2008). Courts should not overturn an agency's interpretation without cogent reasons. *Id*. at 108. An agency's interpretation "can be particularly helpful for 'doubtful or obscure' provisions." *Id*.

In this case, the Tribunal rejected the Department's interpretation because its present interpretation was inconsistent with its interpretations of an analogous provision in the now-repealed Single Business Tax Act. The Treasury's interpretation was of a prior—if admittedly analogous—statute. While a longstanding, consistent interpretation of a statute is entitled to more deference than a recent interpretation, it does not necessarily follow that courts may entirely disregard a new interpretation, see *In re Mich Cable Telecom Ass'n*, 239 Mich App 686, 690; 609 NW2d 854 (2000), particularly when the "longstanding" interpretation applies to a previous version of a statute. For instance, if the Department determines that past allowances were improper under a statute, it is not bound by the same mistake on subsequent determinations. See *Lear Corp v Dep't of Treas*, 299 Mich App 533, 539; 831 NW22 255 (2013). That the Department changed its interpretation of the renaissance zone business activity factor does not necessarily mean that its new interpretation is unreasonable. We conclude that the inconsistency of the Department's interpretations was not in and of itself a cogent reason to reject the Department's new interpretation.

This Court lacks other cogent reasons to reject the Department's interpretation. First, in a similar statute, the Legislature has indicated when the denominator should change in response to a missing factor in the numerator:

the taxpayer shall add the percentages . . . and divide the total by 3 and the result so obtained is the business allocation percentage. *In determining this percentage, a factor shall be excluded from the computation only when the factor does not exist anywhere insofar as the taxpayer's business operation is concerned and, in such case, the total of the percentages shall be divided by the number of factors actually used. . . .* [MCL 141.624 (emphasis added).]

It is clear from this provision that the Legislature is aware of a method to alter a tax formula's denominator in response to missing factors in the formula's numerator. Had the Legislature wished to do so, it was free to add similar language to MCL 208.1433. It did not.

Second, the language of the statute indicates that the Legislature wished to provide a tax benefit to businesses that both (1) own property in a renaissance zone, and (2) invest payroll in the renaissance zone. It is sensible that if the taxpayer only does half these things, it would receive half a credit.

Third, the Department's interpretation seems more consistent with rewarding investment in renaissance zones than Andersons' interpretation. We will utilize a few mathematical examples to illustrate how Andersons' proposed interpretation results in windfalls to companies who keep their entire payrolls out of this State versus companies who invest payroll in a renaissance zone. We reiterate that the following formula represents the statute, where X is the renaissance zone business activity factor:

$$X = \frac{\left(\dfrac{\text{average value of zone property}}{\text{average value of Michigan property}} + \dfrac{\text{payroll for services performed in zone}}{\text{payroll in Michigan}}\right)}{2}$$

Suppose that company A's average value of renaissance zone property is $50,000 and its average value of Michigan property is $100,000. If it has no Michigan payroll, under Andersons' suggested interpretation, it would have a business activity factor of 0.5:

$$X = \frac{\left(\dfrac{50{,}000}{100{,}000} + \dfrac{\cancel{\text{payroll for services performed in zone}}}{\cancel{\text{payroll in Michigan}}}\right)}{\cancel{2}}$$

$$X = \frac{1}{2} = 0.5$$

Using the Department's interpretation, it would have a business activity factor of 0.25:

$$X = \frac{\left(\dfrac{50{,}000}{100{,}000} + \dfrac{\cancel{\text{payroll for services performed in zone}}}{\cancel{\text{payroll in Michigan}}}\right)}{2}$$

$$X = \frac{(0.5)}{2} \text{ or } 0.25$$

Suppose company B has the same average value of renaissance zone property of $50,000 and average value of Michigan property of $100,000, but company B spends $10,000 in payroll performed in a renaissance zone and $100,000 in Michigan. It would have a business activity factor of 0.3 under both parties' interpretations:

$$X = \frac{\left(\frac{50{,}000}{100{,}000} + \frac{10{,}000}{100{,}000}\right)}{2}$$

$$X = \frac{\left(\frac{1}{2} + \frac{1}{10}\right)}{2}$$

$$X = \frac{(0.6)}{2}$$

$$X = 0.3$$

Under the Department's interpretation, company B would have a slightly more favorable business activity factor than company A. This result is reasonable because company B invested payroll in the renaissance zone and company A did not. Applying Andersons' proposed interpretation is less reasonable because company A would have a business activity factor higher than company B when company B provided a greater financial contribution to the renaissance zone. It does not make sense to effectively punish company B for spending $10,000 on payroll in this State and $100,000 in the renaissance zone, nor does it make sense to effectively reward company A for not spending any money on payroll in Michigan or in the renaissance zone.

The problem with Andersons' interpretation is more apparent in the next example. Suppose that company C has the same average value of renaissance zone property of $50,000 and average value of Michigan property of $100,000, but it spends $0 payroll performed in a renaissance zone and $100,000 in Michigan. Under the Department's proposed interpretation, it would have a business activity factor of 0.25:

$$X = \frac{\left(\frac{50{,}000}{100{,}000} + \frac{0}{100{,}000}\right)}{2}$$

$$X = \frac{(0.5 + 0)}{2}$$

$$X = \frac{(0.5)}{2} = 0.25$$

Using Andersons' proposed formula, company A would have a business activity factor of 0.5, but company C would have a business activity factor of 0.25, when the *only* difference between the two is that company C spent an additional $100,000 on Michigan payroll. Again, it is not reasonable that company C would receive a less beneficial result for spending more money in this state than company A.

For these reasons, we conclude that the Tribunal erred by granting summary disposition to Andersons. Rather, it should have granted summary disposition to the Department because the Department's interpretation of MCL 208.1433(9)(f) was not contrary to the statute, and it lacked cogent reasons to overturn it.

We reverse and remand. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Michael J. Talbot
/s/ Donald S. Owens