*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEPARTMENT OF TRANSPORTATION,

        Appellant,

v

OUTFRONT MEDIA, LLC,

        Appellee.

FOR PUBLICATION
December 15, 2022
9:00 a.m.

No. 357533
Ingham Circuit Court
LC No. 20-000190-AA

Before: M. J. KELLY, P.J., and SHAPIRO and PATEL, JJ.

SHAPIRO, J.

This case concerns the meaning of "location" in the following statutory provision of the Highway Advertising Act of 1972 (HAA), MCL 252.301 *et seq.*: "An interim permit shall not be used to erect a sign in a location where existing vegetation is greater than 8 feet tall or where existing vegetation was removed without the department's permission." MCL 252.307a(4). The issue, which is one of first impression, is whether "location" as used in MCL 252.307a(4) refers to the specific spot on the private property where a proposed billboard will be erected, or whether it includes the highway right of way such that the Michigan Department of Transportation (MDOT) may deny a permit for construction when there is existing vegetation greater than eight feet tall in the adjacent right of way. The circuit court affirmed the ALJ's ruling that MDOT may only deny an interim permit when there is such vegetation at the "exact physical location" of the proposed sign structure. For the reasons stated in this opinion, we reverse and hold that "location" as used in MCL 252.307a(4) includes the right of way.

## I. BACKGROUND

The HAA "regulates and controls the size, lighting, and spacing of signs and sign structures in adjacent areas . . . ." MCL 252.304. An "adjacent area" extends outward from the edge of a right of way. See MCL 252.302(b). In effect, the HAA regulates signs on private property visible from a freeway, interstate or primary highway. See MCL 252.305. The stated purposes of the HAA includes "[t]o improve and enhance scenic beauty" and provides "that outdoor advertising is a legitimate accessory commercial use of private property, [and] is an integral part of the

-1-

marketing function and an established segment of the economy of this state." MCL 252.303. MDOT is the agency responsible for administering the HAA. See MCL 252.302(f).

In 2007, the Legislature enacted a cap-and-trade system for signs pursuant to which on or after January 1, 2017, MDOT may not issue annual permits for new signs, but may issue "interim permit[s]" for construction of a new sign structure if a valid permit is surrendered and the old sign structure is removed. See MCL 252.307a(1)-(3). MCL 252.307a(4) outlines how an interim permit may be used and includes the following emphasized language that is at issue in this case:

> An interim permit issued under this section shall only be utilized for the construction of a sign structure and shall remain in effect without expiration with fees renewed on an annual basis. A sign erected using an interim permit shall not be closer than 1,000 feet to another sign structure on the same side of the highway along interstate highways and freeways or closer than 500 feet to another sign structure on the same side of the highway along primary highways. *An interim permit shall not be used to erect a sign in a location where existing vegetation is greater than 8 feet tall or where existing vegetation was removed without the department's permission.* [MCL 252.307a(4) (emphasis added).]

"Location" is defined by the HAA as "a place where a sign structure subject to this act is located." MCL 252.302(s).

In October 2018, Outfront Media, LLC, surrendered two permits and submitted interim permit applications to erect a double-sided digital billboard on M-59 on property owned by Oakland Community College. After a site inspection, MDOT denied the permit applications on the basis that there was vegetation greater than eight feet in height within the "billboard viewing zone," such that a "viewing cone" for the billboard could be provided in accordance with MCL 252.311a(6).[1] A MDOT report written after a subsequent inspection informed that MDOT had planted trees along the right of way adjacent to the proposed billboard and that it intended to maintain that existing vegetation. The report concluded that visibility of the proposed billboard would be blocked by the existing trees and vegetation in both directions.

The terms "billboard viewing zone" and "viewing cone" appear in MCL 252.311a, the section of the HAA governing permits to manage vegetation, i.e., permits that allow sign owners to trim or remove vegetation in the right of way so that the sign is visible from the roadway. A billboard viewing zone and viewing cone are statutorily defined areas within the right of way. See MCL 252.311a(18)(a) & (c). In short, the viewing zone is the area in which the viewing cone may be located. And the viewing cone is the area for which a permit to manage vegetation is issued to

---

[1] MDOT also denied the applications on the basis that "the property was primarily rezoned for the purposes of erecting a digital billboard, and therefore cannot be accepted. MCL 252.304(b)." The ALJ rejected this as a valid reason for denying the applications, determining that "the land at issue in this matter was both part of a comprehensive zoning plan and not rezoned primarily for the purpose of outdoor advertising." MDOT did not challenge this ruling in its appeal to the circuit court and does not raise this issue on appeal to this Court. Accordingly, it will not be further addressed.

"provide for a minimum of 5 seconds of continuous, clear, and unobstructed view of the billboard face based on travel at the posted speed as measured from the point directly adjacent to the point of the billboard closest to the highway." MCL 252.311a(6). The following diagram provides a helpful visualization of these terms:



Following MDOT's denial letter, Outfront requested a hearing before an ALJ and moved for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). According to Outfront, "location" as used in MCL 252.307a(4) "means where the physical billboard is intended to be placed." Under this interpretation, MDOT may not deny an interim permit on the basis of existing vegetation in the right of way. Instead, MDOT may only consider whether there is existing vegetation greater than eight feet in height at the specific spot on private property where the proposed sign would be erected, and Outfront asserted that there was no such vegetation at the proposed billboard site. Outfront further argued that it was improper for MDOT to define "location" with reference to the billboard viewing zone and viewing cone because those terms appear only in the statutory section governing vegetation permits. Instead, Outfront contended, this issue is controlled solely by MCL 252.307a(4) and the statutory definition of "location."

In response, MDOT argued that "location" as used in the HAA includes the right of way and is not limited to private property. MDOT noted that the term "location" in MCL 252.307a(4) is modified by references to "existing vegetation," which is defined as vegetation that MDOT intends to maintain. And the only place that MDOT can maintain vegetation is in the right of way. Further, MDOT asserted that the viewing cone is the most relevant area in the right of way because this is the area for which a sign owner must seek a vegetation management permit. For these reasons, MDOT concluded, the term "location" as used in MCL 252.307a(4) must refer to the right of way, and specifically, the viewing cone.

After hearing oral argument, the ALJ issued a written opinion and order granting Outfront's motion for summary disposition. The ALJ determined that MDOT erred by defining "location" with reference to the billboard viewing zone and viewing cone because those terms were limited to MCL 252.311a and Outfront was not applying for a vegetation management permit. The ALJ

concluded that the statutory definitions of "location" and "sign structure" establish that one must look the location of the sign structure itself to determine if there is existing vegetation over eight feet in height and that the right of way may not be considered. The ALJ found that "[t]here is no existing vegetation greater than 8 feet tall at the exact physical location where the structure of the billboards is proposed to be erected," and concluded that MDOT improperly denied Outfront's application on the basis of existing vegetation in the right of way.

MDOT appealed the ALJ's decision to the circuit court, which affirmed the ALJ's ruling that "location" as used in MCL 252.307a(4) did not include MDOT's right of way and instead "means the 'position' or 'site' where the proposed sign will actually be constructed." The court also rejected MDOT's challenge to the ALJ's finding that there was no vegetation greater than eight feet tall on the private property on which the billboard would be located.[2] MDOT appeals by leave granted.[3]

## II. DISCUSSION

MDOT argues that the circuit court erred by affirming the ALJ's ruling that an interim permit may be denied under MCL 252.307a(4) only on the basis of vegetation on private property. We agree. When construed in accordance with the surrounding text and the statutory scheme as a whole, "location" as used in MCL 252.307a(4) includes MDOT's right of way.[4]

The goal when interpreting statutes is to discern the Legislature's intent, the most reliable indicator of which is the statute's language. *Baurer v Saginaw Co*, 332 Mich App 174, 192; 955 NW2d 553 (2020). "[A] statutory term cannot be viewed in isolation, but must be construed in accordance with the surrounding text and the statutory scheme." *Brieghner v Mich High School Athletic Ass'n, Inc*, 471 Mich 217, 232; 683 NW2d 639 (2004). See also *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 727 (2009) ("The statute must be interpreted in a manner that ensures that it works in harmony with the entire statutory scheme."). "Statutes must be construed reasonably, keeping in mind the purpose of the act, and to avoid absurd results." *Bauer*, 332 Mich App at 193 (quotation marks and citation omitted).

---

[2] Because we agree with MDOT that the circuit court and ALJ erroneously interpreted MCL 252.307a(4) to exclude the right of way, we need not address MDOT's alternative argument that the circuit court erred by concluding that the ALJ's finding regarding the vegetation on private property was supported by substantial evidence.

[3] *Dep't of Transp v Outfront Media, LLC*, unpublished order of the Court of Appeals, issued November 30, 2021 (Docket No. 357533).

[4] We review "a circuit court's decision on an administrative appeal to determine whether the circuit court applied correct legal principles and whether the court misapprehended or grossly misapplied the substantial-evidence test to the agency's factual findings, which essentially constitutes a clearly erroneous standard of review." *Nason v State Employees' Ret Sys*, 290 Mich App 416, 424; 801 NW2d 889 (2010). Questions of law, such as statutory interpretation, are reviewed de novo. *Ronan v Mich Pub Sch Employee Retirement Sys*, 245 Mich App 645, 648; 629 NW2d 429 (2001).

Again, the statutory provision at issue provides: "An interim permit shall not be used to erect a sign in a location where existing vegetation is greater than 8 feet tall or where existing vegetation was removed without the department's permission." MCL 252.307a(4). "Location" is generally defined by the HAA as "a place where a sign structure subject to this act is located." MCL 252.302(s). While we must apply the statutory definition of "location," see *Tryc v Mich Veterans' Facility*, 451 Mich 129, 136; 545 NW2d 642 (1996), a statutory definition does not necessarily resolve all questions that may arise. Like statutory language generally, statutory definitions themselves may be ambiguous. See e.g., *Flowers v Bedford Twp*, 304 Mich App 661, 665; 849 NW2d 51 (2014). And "when statutory language is ambiguous (i.e., if the wording is susceptible to more than one reasonable interpretation), judicial construction is appropriate." See *Charter Twp of Pittsfield v Washtenaw Co Treasurer*, 338 Mich App 440, 450; 980 NW2d 119 (2021).

The parties dispute whether "location" as used MCL 252.307a(4) is confined to the "exact physical location" of the sign structure on private property or whether it includes the right of way. In support of its interpretation, Outfront notes that the statutory definition of "location" refers to the location of the "sign structure," MCL 252.302(s), which is defined as "the assembled components that make up an outdoor advertising display, including, but not limited to, uprights, supports, facings, and trim," MCL 252.302(ii). Outfront argues that because "sign structure" refers to the physical components of the sign, "location" must mean the exact physical location of the sign structure. But the phrase "exact physical location" does not appear in MCL 252.302(s) or elsewhere in the HAA. Instead, the statutory definition of "location" refers to "a place" where a sign structure is located. MCL 252.302(s) (emphasis added). And "a place" is broad enough to be reasonably understood as encompassing an area greater than the exact physical location of the sign structure.

Further, MDOT correctly notes that "location" as used elsewhere in the HAA encompasses the right of way. For example, MCL 252.311a(4) provides that "[w]ithin 5 years after the issuance of a vegetation management permit under this section, if a sign owner applies to manage vegetation at the same *location*, he or she may trim or remove any vegetation that has regrown . . . ." (Emphasis added). As noted, permits to manage vegetation pertain to vegetation in the right of way, and so, as used in this provision, "location" is not limited to private property. Accordingly, the statutory definition of "location" cannot be read as excluding the right of way in all instances.

For these reasons, we conclude that the statutory definition of "location" is ambiguous with respect to the issue before us. We must therefore go beyond the statutory definition and consider MCL 252.307a(4)'s context and the entire statutory scheme.

To begin, the term "location" in MCL 252.307a(4) is modified by references to "existing vegetation." Specifically, the statute refers to "a location where *existing vegetation* is greater than 8 feet tall or where *existing vegetation* was removed without the department's permission." MCL 252.307a(4) (emphasis added). "Existing vegetation" is defined as

> trees, bushes, and ground cover *that the department intends to maintain* and that are at least the same size as similar vegetation that the department would customarily install and maintain or allow to be installed and maintained as part of

a roadside management plan, roadside management project, or landscaping project. [MCL 252.302(m) (emphasis added).]

Reading this definition into MCL 252.307a(4), "[a]n interim permit shall not be used to erect a sign in a location where [vegetation that MDOT intends to maintain] is greater than 8 feet tall or where [vegetation that MDOT intends to maintain] was removed without the department's permission." MCL 252.307a(4).

MDOT argues that the only place it can "intend[] to maintain" vegetation is the right of way. Indeed, multiple provisions of the HAA concern vegetation management in the right of way. Unless a permit to manage vegetation is obtained, it is a misdemeanor for a person to "trim[] or remove[] trees or shrubs within a highway right-of-way for the purpose of making a proposed or existing sign more visible . . . ." MCL 252.311(1). Further, a sign permit application must

> include a statement signed by the owner of the land on which the sign or sign structure is to be placed, acknowledging that no trees or shrubs in the adjacent highway right-of-way may be removed, trimmed, or in any way damaged or destroyed without the written authorization of the department. [MCL 252.306(1).]

In contrast, the HAA does not prohibit the removal of vegetation on private property, nor does it require a permit to do so. And Outfront does not cite any authority establishing that MDOT can prohibit the owner of private property from removing trees and shrubs from their property.

Accordingly, it appears that the only place where MDOT can intend to maintain vegetation is the right of way, i.e., the right of way is the only place where there is "existing vegetation" as defined by the HAA. It follows that MDOT must consider the vegetation in the right of way when reviewing interim permit applications under MCL 257.307a(4). Yet the circuit court's interpretation of "location" in MCL 257.307a(4) limits MDOT's consideration to vegetation on private property, a place where "existing vegetation" as defined by statute cannot be found. This is an unreasonable interpretation of MCL 257.307a(4) and it fails to give effect to the term "existing vegetation" as defined by statute. See *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012) ("[C]ourts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory.") (quotation marks and citation omitted).

The circuit court's interpretation of MCL 257.307a(4) also has the effect of requiring MDOT to regulate and inspect vegetation on private property, despite having no express statutory authority to do so. Administrative agencies "are only allowed the powers that the Legislature chooses to delegate to them through statute." *Herrick Dist Library v Library of Mich*, 293 Mich App 571, 582; 810 NW2d 110 (2011). The HAA provides that MDOT may enter private property to post a notice on a sign or to lawfully remove a sign. See MCL 252.319(5). But no other provision of the HAA contemplates MDOT entering on to private property. While the HAA allows MDOT to regulate signage on private property, it does not follow that MDOT may enter private property next to the roadway for any purpose, and we may not grant MDOT authority that is not conferred by statute.

-6-

One last problem with the circuit court's interpretation of MCL 252.307a(4) will be noted, and that is the inconsistency it creates with MCL 252.311a(8)(f), which allows MDOT to deny a permit to manage vegetation when "[e]xisting vegetation greater than 8 feet in height would be managed for a newly constructed billboard or vegetation existed that was greater than 8 feet in height that obscured a billboard or would have obscured the billboard before it was constructed." According to the circuit court's interpretation, MDOT may not deny interim permits for construction on the basis of existing vegetation greater than eight feet in the right of way. But when the permit holder then seeks to remove said vegetation in the right of way, MDOT could deny a vegetation management permit under MCL 252.311a(8)(f), leaving the sign obscured. We agree with MDOT that this is a discordant result.[5]

Outfront counters that the language allowing MDOT to deny a vegetation permit when "[e]xisting vegetation greater than 8 feet in height would be managed for a newly constructed billboard," MCL 252.311a(8)(f), would be surplusage if MDOT could deny an interim permit for construction in the first place when there is such vegetation in the right of way. However, this argument overlooks that certain signs, e.g., on-premises signs, are exempt from the interim permit requirement. See MCL 252.310; MCL 252.313(1)(c). In these circumstances, a request for a vegetation management permit will be the first time that MDOT considers the existing vegetation at that location. Thus, our interpretation of MCL 252.307a(4) is in harmony with MCL 252.311a(8)(f) and does not render the latter mere surplusage.

In conclusion, the statutory definition of "location" is reasonably open to two different interpretations. But when viewed in context of MCL 252.307a(4) and the entire legislative scheme, it is clear that "location" as used in MCL 252.307a(4) includes the right of way.[6]

---

[5] MDOT also argues that it would be compelled to grant a permit to manage vegetation in these circumstances because by allowing the erection of a sign where there is vegetation over eight feet tall in the right of way, it would essentially be conceding that it does not intend to maintain that vegetation, and thus there would be no "existing vegetation" to deny a vegetation management permit under MCL 252.311a(8)(f). We need not resolve this particular issue, which is rendered hypothetical by our holding in this case. The larger point is that the circuit court's interpretation creates an inconsistency. Either billboards may be constructed behind existing vegetation greater than eight feet in the right of way, and MDOT can deny the vegetation permit (thus leaving the billboard obscured). Or, MDOT will have to grant vegetation permits to remove existing vegetation greater than eight feet in height, even though this is a listed circumstance when it can deny vegetation permits.

[6] MDOT also relies on the legislative history of the 2014 PA 2, which added the disputed language to MCL 252.307a(4). "[T]he the legislative history of a statute is relevant to the statute's meaning only where the statute is ambiguous." *Rouch World, LLC v Dep't of Civil Rights*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 162482); slip op at 25. Although we conclude that the statutory definition of "location" is ambiguous with respect to the question before us, the surrounding context and the entire legislative scheme resolve that ambiguity, for the reasons discussed. See *King v Burwell*, 576 US 2480, 2492; 135 S Ct 2480; 192 L Ed 2d 483 (2015) ("A

The only remaining issue is MDOT's position that it must specifically determine under MCL 252.307a(4) whether there is existing vegetation in the viewing cone, as opposed to the right of way generally. We agree with MDOT that this reading further harmonizes MCL 252.307a(4) with MCL 252.311a. Under MCL 252.311a, MDOT generally issues permits for vegetation management in the billboard's viewing cone to provide for an unobstructed view of the billboard face. See MCL 252.311a(7). It is therefore reasonable for MDOT to consider the vegetation in the viewing cone when reviewing an interim permit application because this is the vegetation that would have to be removed to provide visibility of the billboard. And if MDOT would ultimately deny a permit to manage that vegetation under MCL 252.311a(8)(f), then it would be pointless to grant an interim permit for construction. Accordingly, MDOT's approach allows it to consider from the outset whether the proposed billboard will require management of vegetation that it intends to maintain. Further, this interpretation precludes MDOT from denying an interim permit on the basis of existing vegetation in the right of way that would not obscure the billboard's visibility.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Sima G. Patel

---

provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme . . . because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law.") (quotation marks and citation omitted). Accordingly, it is unnecessary for us to go beyond the text of the HAA and consider its legislative history.

With respect to Outfront's reliance on MDOT's prior enforcement and interpretation of MCL 252.307a(4), we note that an administrative agency is not precluded from changing its interpretation of a statute. See *Andersons Albion Ethanol, LLC v Dep't of Treasury*, 317 Mich App 208, 214; 893 NW2d 642 (2016).