*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FRANK NALI,

        Petitioner-Appellant,

v

CITY OF GROSSE POINTE FARMS,

        Respondent-Appellee.

UNPUBLISHED
December 13, 2024
8:45 AM

No. 368390
Tax Tribunal
LC No. 20-004246-TT

Before: GADOLA, C.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

Petitioner appeals by right the Michigan Tax Tribunal's ("MTT") final opinion and judgment after remand regarding a property taxation exemption. This is the second time this case has come before us concerning petitioner's claim for an income-based exemption from property taxes under MCL MCL 211.7u(1).[1] We previously remanded to the MTT to reinstate petitioner's partial exemption granted by respondent and to consider whether petitioner was entitled to a full exemption. On remand, the MTT concluded that petitioner's income was above the threshold level and denied his claim for full exemption.

Because the MTT's final opinion and judgment was again not supported by competent, material, and substantial evidence, we vacate it and remand the case back to the MTT for further proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

The facts underlying this case were set forth by this Court in petitioner's previous appeal:

Nali owns a home in Grosse Pointe Farms. For tax year 2019, Nali sought an exemption from his property tax obligation based on poverty. The city granted

---

[1] *Nali v City of Grosse Pointe Farms*, unpublished per curiam opinion of the Court of Appeals, issued March 30, 2023 (Docket No. 359338).

-1-

a partial exemption, Nali filed a petition with the MTT, and the MTT determined that Nali was entitled to a full exemption because his income fell below the poverty guidelines adopted by the city.

For tax year 2020, Nali again requested a full exemption. In support of his request, Nali asserted that he lived alone. He cited net business income of $5,491 and Social Security income of $11,316. He calculated his total household income as follows: "(5491) + 1/2 (11,316) = $11,149." The city granted him a partial exemption, reducing the taxable value of his home from $31,765 to $10,000. The 2020 July Board of Review Change Notice indicates that the property value was reduced due to "hardship." Dissatisfied, Nali filed a new petition in the MTT. Nali contended that he was entitled to a 100% exemption under MCL 211.7u.

\* \* \*

A hearing was held in the MTT before an administrative law judge (ALJ). Without discounting his Social Security income, Nali noted that his income was $16,807. Nali again argued that he was entitled to a total property tax exemption. In its answer to Nali's petition, the city explained that it "granted the poverty exemption and reduced the Assessed and Taxable value to $10,000 based on the information provided." The city denied that this modified assessment was "the result of a clerical error or mutual mistake." In its answer, the city did not assert that the full taxable value of the property should be reinstated.

Hearings before the MTT Small Claims Division are not transcribed. Mich Admin Code. R 792.10265(1). However, the ALJ's proposed opinion and judgment states that the city explained at the hearing that the "income threshold for a household of one [to obtain a poverty-based property tax exemption] was $12,490 for the 2020 tax year." The ALJ proposed reinstating the $31,765 taxable value of the property and concluding that Nali was not entitled to a poverty exemption as his income was more than $4,000 over the federal poverty threshold.

Nali filed objections to the ALJ's proposed opinion and order. Nali noted that effective December 22, 2020, the Legislature had amended MCL 211.7u(2)(e) to state that taxpayers are entitled to a poverty exemption if they

> [m]eet the federal poverty guidelines published in the prior calendar year in the Federal Register by the [USDHHS] under its authority to revise the poverty line under 42 USC 9902, or alternative guidelines adopted by the governing body of the local assessing unit provided the alternative guidelines do not provide income eligibility requirements less than the federal guidelines. [As enacted by 2020 PA 253.]

\* \* \*

-2-

The MTT Small Claims division determined that the ALJ incorrectly relied on MCL 211.7u as amended at the close of 2020, instead of the version applicable at the time Nali sought his poverty exemption. As a result of this error, the ALJ incorrectly relied on a federally set 2021 poverty level of $12,490. "[T]he correct federal poverty guideline, as published in the Federal Register on January 17, 2020, was $12,760 for a household of one."

> Nonetheless, the ALJ properly concluded that [Nali] does not qualify for a Poverty Exemption. Under either law, a taxpayer must meet the poverty guidelines as established by the [USDHHS], or [the city's] alter[n]ative guidelines. Despite [Nali's] contentions, no record evidence shows that prior to the change in the law on December 22, 2020, [the city's] "alternative guideline" was $21,800 for a family of one. As such, the ALJ properly relied on the Federal poverty guidelines. Nali does not dispute that [his] income was $16,807, which exceeds that applicable Federal poverty level, $12,760 for the 2020 tax year.

Accordingly, despite the ALJ's error, the MTT concluded that the taxable value of Nali's property for the tax year at issue was $31,765 and that Nali was not entitled to an exemption. [*Nali v City of Grosse Pointe Farms*, unpublished per curiam opinion of the Court of Appeals, issued March 30, 2023 (Docket No. 359338), unpub op at 1-4 (footnote omitted).]

On appeal, petitioner claimed "that the federal poverty guidelines should not have been used to determine whether he was entitled to a poverty-based tax exemption because the city did not apply those guidelines until the 2021 tax year." *Id*. at 4. Instead, petitioner asserted respondent's alternative guidelines should have been used to determine whether he was entitled to a poverty exemption because "the city had previously adopted its own poverty exemption guidelines with a much higher poverty threshold." *Id*. This Court found, in relevant part:

> Nali did not present into evidence the Grosse Pointe Farms Hardship Income Standards for 2020 Assessment Year. That document is no longer available on the city's website. The articles presented by Nali indicate that the city did not adopt the federal poverty guidelines until 2021. Even without the city's actual 2020 policy in hand, however, it is clear that the city had adopted a higher poverty threshold than that set by the federal government. Fully aware of Nali's actual income, and not just the number he listed on the total income line of the application, the city granted a partial poverty exemption. As Nali's income of $16,807 was higher than the federal poverty threshold, the city's decision had to be based on its own poverty income threshold. After all, the city indicated in its MTT answer that its calculations were not based on a clerical error or a mutual mistake.

> Despite that the city made a fully informed decision to grant a partial exemption, the MTT declared that Nali's income precluded him from any reduction to his property tax obligation. This decision was not supported by competent, material, and substantial evidence. Moreover, the city did not advocate for this

position in its MTT pleading. On remand, the MTT must at least reinstate the partial poverty exemption granted by the city and consider whether a full exemption is supported. [*Id*. at 5.]

On remand, the MTT found the record lacked information necessary for it to render a decision, and ordered petitioner to file documents relating to respondent's 2019 alternative guidelines. In response, petitioner claimed the MTT erred by ordering him to provide evidence of the alternative poverty guidelines because under MCL 211.7u(2)(e), respondent had the burden of providing the relevant alternative poverty guidelines to the tribunal. Moreover, because petitioner previously submitted evidence that the poverty threshold was $21,800 under respondent's 2019 alternative guidelines, and respondent did not challenge this assertion, petitioner claimed the applicable alternative guideline threshold for 2020 was $21,800. Accordingly, petitioner requested the MTT grant a 100% exemption for his property.

In October 2023, the MTT issued its final opinion and judgment. The MTT summarized the parties' evidence, stating, in relevant part:

> Based on the pleadings, admitted exhibits, and sworn testimony, Respondent contends that it still has no other information regarding the 2020 poverty guidelines. Mr. [Eric] Dunlap[2] testified that he was not the assessor at the time and could not locate any further information beyond the known fact that the guidelines for one person was $21,800.

Despite Dunlap's testimony that the poverty threshold under the 2020 alternative guidelines was $21,800, the MTT found that "[r]espondent's income guidelin[e] for a 2020 poverty exemption was $12,760 for a household of one." This finding was based, in part, on articles submitted by petitioner with a motion for reconsideration he filed after the MTT issued its ruling. The MTT also found that petitioner was the only person to reside in his household in 2020 and his household income was $16,807. Ultimately, the MTT concluded that because petitioner "failed to meet his burden of proof that the 2020 income guidelines were different and more beneficial," he was not entitled to a full exemption. This appeal followed.

## II. STANDARDS OF REVIEW

"Absent fraud, our review of MTT decisions is limited to determining whether the MTT erred in applying the law or adopted a wrong legal principle." *Vanderwerp v Plainfield Charter Twp*, 278 Mich App 624, 627; 752 NW2d 479 (2008). We review de novo the MTT's interpretation and application of statutory provisions. *Id*. On de novo review, "we give respectful consideration, but no deference" to the MTT's legal rulings. *Wasik v Auto Club Ins Ass'n*, 341 Mich App 691, 695; 992 NW2d 332 (2022). "When interpreting a statute, our goal is to give effect to the intent of the Legislature." *Andersons Albion Ethanol, LLC v Dep't of Treasury*, 317 Mich App 208, 213; 893 NW2d 642 (2016). "If the plain and ordinary meaning of a statute's language

---

[2] Dunlap is respondent's tax assessor and appeared on behalf of respondent during the proceedings after remand.

is clear, we will not engage in judicial construction." *Id*. "If the language of the statute is unambiguous, we must enforce the statute as written." *Id*.

Tax exemptions are "narrowly construed in favor of the taxing authority." *Estate of Schubert v Dep't of Treasury*, 322 Mich App 439, 448; 912 NW2d 569 (2017) (quotation marks and citation omitted). The taxpayer bears the burden of proving his or her entitlement to an exemption by a preponderance of the evidence. *Gardner v Dep't of Treasury*, 306 Mich App 546, 558-559; 858 NW2d 76 (2014), rev'd on other grounds by 498 Mich 1; 869 NW2d 199 (2015). The MTT's factual findings are "conclusive if they are supported by competent, material, and substantial evidence on the whole record." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010) (quotation marks and citation omitted).

## III. ANALYSIS

Petitioner argues on appeal that the MTT erred by ordering him to provide evidence of respondent's 2019 alternative exemption guidelines because respondent was required to provide that information to the tribunal. Although we disagree that respondent was required to submit evidence of its alternative poverty exemption guidelines to the MTT—that burden ultimately rested with petitioner—petitioner is nevertheless entitled to relief because the MTT's final opinion and judgment on remand concerning the 2020 alternative guidelines was not supported by competent, material, and substantial evidence.

Petitioner sought a poverty-based tax exemption for the 2020 tax year. MCL 211.7u governs eligibility for the poverty exemption and sets forth the obligations of the local assessing unit. At the time petitioner initially brought his claim before the MTT, the applicable version of MCL 211.7u stated,[3] in relevant part:

> (4) The governing body of the local assessing unit shall determine and make available to the public the policy and guidelines used for the granting of exemptions under this section. The guidelines shall include but not be limited to the specific income and asset levels of the claimant and total household income and assets. [MCL 211.7u(4).]

Respondent was, therefore, required to make the exemption guidelines available to the *public*. See *Hughes v Almena Twp*, 284 Mich App 50, 62; 771 NW2d 453 (2009) ("The word 'shall' as used in a statute is considered to require mandatory conduct."). Because nothing in the plain language of MCL 211.7u(4) required respondent to provide the exemption guidelines to the MTT, and petitioner had the burden of proving he was entitled to an exemption, *Gardner*, 306 Mich App at 558-559, petitioner's argument lacks merit.

Eligibility for the poverty-based tax exemption is governed by MCL 211.7u(2):

---

[3] MCL 211.7u was amended by 2020 PA 253. The previous version of MCL 211.7u remained in effect until December 21, 2020, after petitioner initiated these proceedings.

(2) To be eligible for exemption under this section, a person shall do all of the following on an annual basis:

* * *

(e) Meet the federal poverty guidelines updated annually in the federal register by the United States department of health and human services under authority of section 673 of subtitle B of title VI of the omnibus budget reconciliation act of 1981, Public Law 97-35, 42 USC 9902, or alternative guidelines adopted by the governing body of the local assessing unit provided the alternative guidelines do not provide income eligibility requirements less than the federal guidelines. [MCL 211.7u(2)(e).]

In other words, to qualify for a poverty exemption in 2020, petitioner's income must have either been below the 2020 federal poverty threshold or below the alternative poverty threshold adopted by respondent in 2020, so long as the alternative threshold was above the federal threshold.

In finding that petitioner was not entitled to a full exemption, the MTT claimed it was "obvious" that petitioner did "not possess information relevant to 2019 or 2020 poverty guidelines." But petitioner *did* possess information regarding the 2019 poverty guidelines, as attached to petitioner's motion for reconsideration was the final opinion and judgment from his 2019 tax exemption proceedings, in which the MTT clearly found that the "alternative guidelines adopted by Respondent for the subject household for the [2019 tax year] provide for an income level of $21,800." Thus, petitioner had information relevant to the 2019 alternative guidelines and presented that information to the MTT. Even if petitioner had not submitted this information, it was irrelevant to the MTT's determination of whether petitioner was entitled to an exemption in 2020, because only the 2020 guidelines were relevant under MCL 211.7u(2)(e).[4]

In Docket No. 359338, this Court noted that petitioner "did not present into evidence the Grosse Pointe Farms Hardship Income Standards for 2020 Assessment Year. That document is no longer available on the city's website." *Nali*, unpub op at 5. While it is true that petitioner did not submit the 2020 alternative guidelines as evidence, the MTT stated in its summary of evidence and conclusions of law that respondent could not locate any information or documentation regarding the 2020 alternative guidelines. It raises the question as to how petitioner could have accessed the 2020 alternative guidelines if respondent—the owner of the document—was unable to locate the information.

Although petitioner was unable to submit evidence of respondent's 2020 alternative guidelines, the record supports his contention that respondent's poverty threshold in 2020 was $21,800. As stated in MTT's summary of the evidence, respondent's assessor, Eric Dunlap, "testified that he was not the assessor [in 2020] and could not locate any further information beyond the known fact that *the guidelines for one person was $21,800*." (Emphasis added.)

---

[4] Under the current version of the statute, the federal poverty guidelines or alternative guidelines from the "prior calendar year" are used to determine whether an individual is entitled to a tax exemption. See MCL 211.7u(2)(e) as amended by 2020 PA 253.

Dunlap's testimony supports petitioner's assertion that the poverty threshold was $21,800 under the 2020 alternative guidelines. But rather than rely on, or even acknowledge this evidence, the MTT concluded the applicable 2020 poverty threshold was $12,760 for one person on the basis of two articles submitted by petitioner in his motion for reconsideration. The first article explained that to be eligible for the poverty tax exemption, "a resident must first meet federal poverty standards. For 2021, the federal poverty guidelines are $12,760 in annual income for a single person[.]" Similarly, the second article addressed the amendment of MCL 211.7u, stating that a majority of Michigan communities used the prior year's federal poverty standards to determine eligibility for the poverty tax exemption. The article stated that "[u]nder 2020's guidelines, the poverty threshold is $12,760 for one person and goes up by $4,480 for each additional person in the household." Thus, the poverty threshold referenced in the articles was not the threshold under respondent's *alternative* guidelines, but rather the *federal* guidelines.

The MTT failed to acknowledge this fact, and applied the federal guidelines without making any determination regarding the poverty threshold under respondent's alternative guidelines. Because the evidence from Dulap demonstrated that the poverty threshold under respondent's 2020 alternative guidelines was $21,800, and petitioner's annual household income was $16,807, petitioner qualified for a full exemption under the alternative guidelines adopted by respondent. Accordingly, we find plaintiff is entitled to relief because the MTT erred in applying the law, *Vanderwerp*, 278 Mich App at 627, and the MTT's final opinion and judgment was unsupported by competent, material, and substantial evidence, *Briggs Tax Serv, LLC*, 485 Mich at 75.

The MTT's final opinion and judgment is vacated, and the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ James Robert Redford

-7-